**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

**CHELSEA L. DAVIS**

v.

**SUPREME COURT OF TEXAS**

**NO. ____________________**

---

## MOTION FOR LEAVE TO AMEND FILINGS AND BRIEF IN SUPPORT

I, Chelsea L. Davis, respectfully move for leave to amend all filings to tone down the air of my frustration with the attached orders regarding stay, transfer and consolidation of my "cases" into a non-case (thereby possibly depriving the courts of subject matter jurisdiction and a case or controversy) and to clarify my challenge to all rules which even hint toward allowing a state court to deprive a person of her Constitutional rights in state and federal courts if the person is a licensed attorney member of the State Bar of Texas. I introduce facts herein for the limited purpose of granting me leave to amend. I seek to timely and sufficiently plead a valid Constitutional challenge to those rules governing members of the State Bar of Texas promulgated by one or more of the Supreme Court of Texas and the State Bar of Texas and lacking in any legislative influence or intent, including the Texas Rules of Disciplinary Procedure, Texas Rules of Professional Conduct, and the Internal Procedural Rules of the Board of Disciplinary Appeals, along with the enabling statutes in the Texas Government Code and Texas Constitution, which appear to be blocking my access to state and federal courts in violation of the United States Constitution. These rules and the loopholes therein have been used

to intentionally harm women like myself in the past, to deprive us of our Constitutional rights and to deter the progress and employment of women while unlawfully discriminating against women. These rules also pose a threat to the public health and welfare by putting all female lawyers at risk of being raped by male lawyers and judges and others who know how to use the rules to deprive the women of a civil jury trial for seeking civil redress for their injuries. Where there is a right, there is a remedy, and these rules are unlawfully depriving female lawyers of their rights and remedies.

As a United States Patent Attorney and licensed attorney in good standing in the State of Texas, I have the utmost respect for this Court and for our judicial system. I took the following oath in accordance with my responsibilities as a licensed Texas attorney: "I, Chelsea Lynn Davis, do affirm that I will support the Constitution of the United States, and of this State; that I will honestly demean myself in the practice of the law, and will discharge my duties to my clients to the best of my ability." I also took an oath of admission to practice before this Court. I affirm my oaths and conduct myself in the practice of the law with the utmost respect for the Constitution of the United States and for the state and federal courts.

In order to carry out my duties as an ethical attorney in the unique position of witnessing the detrimental consequences of the rules and the bias and prejudice against women that no doubt lies within the rules and the system for disciplining attorneys in Texas as a whole but which is not obvious to the observer, I feel obligated to challenge the Constitutionality of these rules to better the system in Texas for the benefit, promotion, health and safety of all female lawyers. I need more time and leave to amend so that I may use my skills as a lawyer to present my position clearly. It is difficult to emotionally detach myself from the situation because I

continue to be bombarded by threats to put me in jail without cause and to unlawfully deprive me of my vested property rights, but I am capable of detaching myself for the greater good and I am obligated to do so because I am the only victim who has survived the named defendants' abuse without signing any releases of liability, who has enough time and flexibility to be poor for awhile while I work on this important problem pro-se, who can maintain standing as a federal U.S. Patent Attorney without regard to my Texas license, who is willing to resign her Texas law license (has moved for such relief and has filed suit in the Eastern District of Texas to compel the Supreme Court of Texas to process my resignation), who may maintain standing to present this Constitutional challenge as a U.S. Patent Attorney even without my Texas license, who is not afraid of taking another standardized test, who does not believe that the State Bar of Texas or any state or federal court will follow through with disciplining me for failure to pay child support after making me pay child support to the court when I am not married and do not have any children, and who actually believes that change in Texas is possible with myself as the leader as long this Court allows me to present my case before the State Bar of Texas causes the destruction of all of my evidence and all of the proof that the rules were created through public corruption and are being used by persons of power and wealth who rape women to harm women.

It is obvious that the State Bar of Texas chose to threaten me by having me arrested for child support this time instead of stalking again or some other bogus crime that I have not committed as a strategy for depriving this Court of jurisdiction in lieu of the federal courts' typical deference to the state courts for child support matters. I hope this Court sees through that smoke screen.

If I am not capable of representing myself because of my lack of experience flying solo under the Federal Rules of Civil Procedure and other rules of this Court, then I will be put in the unique position of challenging the Constitutionality of those rules as well because if I cannot represent myself, then no person can, and the rules are just written by lawyers for lawyers to make money and not for the people for use in guiding our judicial system in accordance with its Constitutional responsibilities to the people. After all, I am a highly intelligent, eighth year lawyer and United States patent attorney who was trained at the best law firms in our country, receiving the highest hourly pay for a lawyer my age in the entire United States. I was valedictorian of my well-esteemed private high school, I earned an engineering degree in Biomedical Engineering from Duke University, a top five or ten school with the number one ranked Biomedical Engineering program, I graduated from a top-twenty law school, and I passed two bar exams. Plus, I spent a year in the Higginbotham Inn of Court and gained enough ethics training to equip me to practice before this Court, but I have been understandably extremely frustrated with this Court's deference to the state thus far because this Court is denying me my Constitutional rights in violation of this Court's duties. I promise to present my arguments most ethically and respectfully if given the opportunity to do so for the greater good.

My frustration with a state judge's order signed without a hearing which purports to block my access to state and federal courts is legitimate and should be of primary importance to this Court. I have requested this Court to clarify its role in either following the orders as written, modifying them or otherwise ignoring them for purposes of determining whether to vacate or modify them, but this Court has not yet provided me with any clarification. Under the United States Constitution, this Court has the authority and the ultimate duty to ignore the orders for

purposes of determining whether to vacate or modify them because it is this Court's duty to protect me as victim of domestic violence and to provide me with the forum for justice to which I am entitled under the Constitution of the United States, especially where the state courts in the entire state of Texas at all levels (district, appellate, the Texas Supreme Court and the United States Supreme Court) have denied me such a forum for justice.

I seek to challenged the Constitutionality of Rule 2.01 of the Texas Rules of Disciplinary Procedure, which states, "All Committees within a single disciplinary district have concurrent authority within the District but once a matter has been assigned to a Committee, that Committee has dominant jurisdiction, absent a transfer."

I seek to challenged the Constitutionality of Rule 5.02 of the Texas Rules of Disciplinary Procedure, which states,

> "In addition to the other disciplinary duties set forth in these rules, the Chief Disciplinary Counsel shall: ... Move the Board of Disciplinary Appeals to transfer a pending Disciplinary Proceeding from one Committee to another within the same District if the Committee fails or refuses to hear the Disciplinary Proceeding. F. Move the Board of Disciplinary Appeals to transfer matters from one Committee to another, whether or not within the same District, when the requirements of fairness to the Complainant or the Respondent require."

I seek to challenged the Constitutionality of Rule 7.08 of the Texas Rules of Disciplinary Procedure, which states,

> "The Board of Disciplinary Appeals shall exercise the following powers and duties: A. Propose rules of procedure and administration for its own operation to the Supreme Court of Texas for promulgation. B. Review the operation of the Board of Disciplinary Appeals and periodically report to the Supreme Court and to the Board. ...D. ... The appellate determination must be made in writing and signed by the chair or vice-chair of the Board of Disciplinary Appeals, or other person presiding. E. Transfer any pending Disciplinary Proceeding from one Committee to another within the same District if the one Committee fails or refuses to hear the Disciplinary Proceeding. F. Transfer matters from one Committee to another, whether or not within the same District, when the requirements of fairness to the Complainant or the Respondent require."

I seek to challenged the Constitutionality of Rules 7.11-7.12 of the Texas Rules of Disciplinary Procedure, which state,

> "Judicial Review: An appeal from a determination of the Board of Disciplinary Appeals shall be to the Supreme Court. Within fourteen days after receipt of notice of a final determination by the Board of Disciplinary Appeals, the party appealing must file a notice of appeal directly with the Clerk of the Supreme Court. The record must be filed within sixty days after the Board of Disciplinary Appeals' determination. The appealing party's brief is due thirty days after the record is filed, and the responding party's brief must be filed within thirty days thereafter. Except as herein expressly provided, the appeal must be made pursuant to the 34 then applicable Texas Rules of Appellate Procedure. Oral argument may be granted on motion. The case shall be reviewed under the substantial evidence rule. The Court may affirm a decision on the Board of Disciplinary Appeals by order without written opinion. Determinations by the Board of Disciplinary Appeals that a statement constitutes an Inquiry or transferring cases are conclusive, and may not be appealed to the Supreme Court. 7.12. Open Meetings and Open Records: The Board of Disciplinary Appeals is not a "governmental body" as that term is defined in Section 551.001 or Section 552.003 of V.T.C.A., Government Code, and is not subject to either the provisions of the Open Meetings Act or the Open Records Act."

I have standing because these rules have unlawfully deprived me of my money by costing me $75,000 in costs, expenses and filing fees in violation of my Constitutional rights and as an unlawful taking. Please be advised that I do have the ability to borrow some money to cover deposition costs, but I do need this court to cover the costs of obtaining, preparing and sending records as required, which this Court will likely need an extension of time and additional orders to accomplish, although I do not admit that any records are actually court records or public records, although I challenge the Constitutionality of the State Bar of Texas exempting itself from public records and court records by maintaining sealed investigations not subject to due process requirements while using those investigations to obtain mental health medical records in violation of state and federal law, to deny persons Constitutional protections and judicial review,

and to exempt itself from the requirements of the Open Meetings and Open Records requirements of state and federal law. This is a substantial undertaking that I will need time to accomplish through detailed, amended pleadings to the extent this Court enables me to file a pleading and maintain a proceeding without allowing it to be transferred and consolidated into a sealed grievance investigation as the attached orders attempt to do.

I do not admit that this Court has subject matter jurisdiction or that any state court has or had subject matter jurisdiction. I do not admit that any matter was removable or could have been removed. I do not admit that any order could be a valid court order where there is no case. There is an article III case or controversy requirement that may have been violated at various times and other requirements which may deprive a court of subject matter jurisdiction over a particular case but which do not deprive this federal Court of subject matter jurisdiction over the controversy at hand which may depend upon a Constitutional challenge to the disciplinary and disability rules governing the State Bar of Texas. I do not admit venue is proper because the Board of Disciplinary Appeals appears to have transferred a matter from Dallas County to Austin and now to Collin County, possibly depriving this Court of mandatory venue at various times. I object to all of the transfers and move to transfer everything back to Dallas, Texas, where I currently live and work. However, additional "actions" may need to be opened in the Southern, Eastern and Northern Districts of Texas to vacate any alleged "orders" relating to my Texas law license. For example, it is unclear what the procedure is for vacating alleged "orders" which are void when certain issues or matters are referred to agencies or are not removable to federal court and the agencies are headquartered in Austin, Texas but appear to be acting in three different locations and perhaps through the State Bar of Texas, which is a corporation which has waived immunity,

or the Board of Disciplinary Appeals, which appears to be created as an agency, but which is a division of the State Bar of Texas and thus also waives immunity and should waive removability to federal court.

Wherefore, premises considered, I respectfully request this Court to grant me an extension of time of forty five days to file amended documents, which may or may not be part of a continuing case or controversy depending upon the vacatur, modification or application of the attached orders, especially in light of the attached Texas Rules of Disciplinary Procedure and Internal Procedural Rules of the Board of Disciplinary Appeals.

Dated: Feb. 9, 2015 Respectfully submitted,

/s/Chelsea L. Davis
Chelsea L. Davis, *pro-se*
TX BAR NO. 24059652
25 Highland Park Vlg., Ste. 100-830
Dallas, TX 75205
Telephone: (469) 426-5850
Facsimile: (469) 533-0466
cdavis@chelseadavispc.com

**CERTIFICATE OF SERVICE**

Pursuant to Tex. R. Civ. P. 21, this is to certify that a true and correct copy of this instrument is being filed electronically, sent concurrently to counsel of "record" by electronic filing service provider as permitted by Tex. R. Civ. P. 21a. I hereby certify that I have served this instrument on all counsel and/or pro se parties of record electronically by email, by overnight mail and/or by facsimile, or, as a pro-se party, on the date it is electronically docketed in the entity/court's CM/ECF filing system, as authorized by the Federal Rule of Civil Procedure 5(b)(2) and the Local Rules for the United States District Court for the Eastern District of Texas.

Dated: Feb. 9, 2014

/s/Chelsea L. Davis
Chelsea L. Davis, *pro-se*

**CERTIFICATE OF CONFERENCE**

I certify that no certificate of conference is required herein.

Dated: Feb. 9, 2014

/s/Chelsea L. Davis
Chelsea L. Davis, *pro-se*