**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**[1]

LESLIE D. WARE

v.

LESLIE D. WARE, CARLOS R. CORTEZ, ROBERT D. CRAIN, LAWRENCE FRIEDMAN, KURT PANKRATZ, MIKE MCKOOL JR., ANGELINE BAIN, BRIAN LIDJI, WILLIAM CARMODY, DONALD COLLELUORI, A. ERIN DWYER, ROSS WELLS, ROBERT MILLER, WILLIAM DAWSON, THEODORE STEVENSON, AMY ABBOUD WARE, PAUL S. CONNEELY, R. BRIAN TEAL, MARK WERBNER

No. ______________________

# AMENDED COMPLAINT

Leslie D. Ware hereby files this notice of amended complaint and first disciplinary complaint against himself and other lawyers in the Supreme Court of Texas as Plaintiff doing business as and for Leslie D. Ware followed by notice of removal or stay of state court proceedings in light of this complaint filed in the United States District Court for the Eastern District of Texas and rejected request to the Supreme Court of Texas to appoint a properly composed evidentiary panel or district court as Leslie D. Ware elects to have a disciplinary proceeding heard in district court. By filing this Complaint, Leslie D. Ware seeks to initiate a disciplinary action against himself and others, to compel the State Bar of Texas to disbar an attorney for cause against the Commission for Lawyer Discipline, State Bar of Texas, Samuel F. Baxter, Leslie D. Ware, Carlos R. Cortez, Robert D. Crain, Lawrence Friedman, Kurt Pankratz, Mike McKool Jr., Angeline Bain, Brian Lidji, William Carmody, Donald Colleluori, A. Erin Dwyer, Ross Wells, Robert Miller, William Dawson, Theodore Stevenson, Amy Abboud Ware

[1] This document also amends the Complaints at Doc. 1-2 if any in *Leslie D. Ware v. State Bar of Texas, in the United States District Court for the Northern District of Texas*.

and Paul S. Conneely, in which the attorney demands money and an injunction against the State Bar of Texas to prohibit the State Bar of Texas from unlawful retaliation against past and future minority members of the State Bar of Texas. Cited are disciplinary violations of the Texas Disciplinary Rules for Professional Conduct, challenges to the Constitutionality of the State Bar Act and posed is a federal question. Accordingly, Leslie D. Ware moves for federal court to set aside fraudulent vexatious litigant "order" as void and modify previous complaints (not petitions) by this single amended complaint.

The Supreme Court of Texas has jurisdiction to regulate the practice of law. The State Bar of Texas, as a corporation, expressly waives its Eleventh Amendment sovereign immunity in the Tex. Gov. Code, which states the State Bar of Texas can sue and be sued. "The state bar may sue and be sued in its own name." Tex. Gov't. Code Sec.. 81.014. "Chief disciplinary counsel" means the attorney selected under Section 81.076 who performs disciplinary functions for the state bar under the Texas Disciplinary Rules of Professional Conduct and the Texas Rules of Disciplinary Procedure. That person is Linda Acevedo, whose name appears on a first communication to Leslie D. Ware, which alleges professional misconduct.

**Rule 5.04**

Leslie D. Ware forced an attorney, by force, fraud or coercion, to violate Rule 5.04 of the Texas Disciplinary Rules of Professional Conduct. Rule 5.04 requires Professional Independence of a Lawyer. It states:

> "(a) A lawyer or law firm shall not share or promise to share legal fees with a non-lawyer, except that: (1) an agreement by a lawyer with the lawyer's firm, partner, or associate, or a lawful court order, may provide for the payment of money, over a reasonable period of time, to the lawyer's estate to or for the benefit of the lawyer's heirs or personal representatives, beneficiaries, or former spouse, after the lawyer's death or as otherwise provided by law or court order. (2) a lawyer who undertakes to complete unfinished legal business of a deceased

lawyer may pay to the estate of the deceased lawyer that proportion of the total compensation which fairly represents the services rendered by the deceased lawyer; and (3) a lawyer or law firm may include non-lawyer employees in a retirement plan, even though the plan is based in whole or in part on a profit-sharing arrangement.

(b) A lawyer shall not form a partnership with a non-lawyer if any of the activities of the partnership consist of the practice of law.

(c) A lawyer shall not permit a person who recommends, employs, or pays the lawyer to render legal services for another to direct or regulate the lawyer's professional judgment in rendering such legal services.

(d) A lawyer shall not practice with or in the form of a professional corporation or association authorized to practice law for a profit, if: (1) a nonlawyer owns any interest therein, except that a fiduciary representative of the estate of a lawyer may hold the stock or interest of the lawyer for a reasonable time during administration; (2) a nonlawyer is a corporate director or officer thereof; or (3) a nonlawyer has the right to direct or control the professional judgment of a lawyer.

Leslie D. Ware forced the minority member in good standing in the State Bar of Texas, and she violated this rule based on her employment with Leslie D. Ware and Samuel F. Baxter, which was within the past four years. Leslie D. Ware, Samuel F. Baxter and the State Bar of Texas act as her common employer because they stalked her and controlled her day to day activities. Leslie D. Ware, Texas Bar No. **00785179, S**amuel F. Baxter, Texas Bar No. **01938000,** and the State Bar of Texas employees have violated Rule 5.04 of the Texas Disciplinary Rules of Professional Conduct. Leslie D. Ware respectfully requests that this Supreme Court of Texas take notice that Leslie D. Ware and Samuel F. Baxter are conspiring based on a meeting of their minds to perpetrate a fraud on the employees of the State Bar of Texas under the guise of a State Bar of Texas training program.

**Rule 1.03**

Rule 1.03 states "(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information. (b) A lawyer shall

explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation." The comments to this rule at Paragraph 4 state "[a] lawyer may not, however, withhold information to serve the lawyer's own interest or convenience." *Id.* Each of Samuel F. Baxter, Leslie D. Ware, Carlos R. Cortez, Robert D. Crain, Lawrence Friedman, Kurt Pankratz, Mike McKool Jr., Angeline Bain, Brian Lidji, William Carmody, Donald Colleluori, A. Erin Dwyer, Ross Wells, Robert Miller, William Dawson, Theodore Stevenson, Amy Abboud Ware and Paul S. Conneely have withheld information to serve their own interest or convenience.

**<u>Rule 1.04</u>**

Comment Paragraph 9 to Rule 1.04 states, "Because of the human relationships involved and the unique character of the proceedings, contingent fee arrangements in domestic relations cases are rarely justified." Each of Samuel F. Baxter, Leslie D. Ware, Carlos R. Cortez, Robert D. Crain, Lawrence Friedman, Kurt Pankratz, Mike McKool Jr., Angeline Bain, Brian Lidji, William Carmody, Donald Colleluori, A. Erin Dwyer, Ross Wells, Robert Miller, William Dawson, Theodore Stevenson, Amy Abboud Ware, and Paul S. Conneely have sought to collect fees from improper fee arrangements in domestic relations matters.

Further, paragraph 15 states "[a] client must consent in writing to the terms of the arrangement prior to the time of the association or referral proposed. For this consent to be effective, the client must have been advised of at least the key features of that arrangement." Each of Samuel F. Baxter, Leslie D. Ware, Carlos R. Cortez, Robert D. Crain, Lawrence Friedman, Kurt Pankratz, Mike McKool Jr., Angeline Bain, Brian Lidji, William Carmody, Donald Colleluori, A. Erin Dwyer, Ross Wells, Robert Miller, William Dawson, Theodore

Stevenson, Amy Abboud Ware, Paul S. Conneely have violated this rule, except that each of them consented in writing through Leslie D. Ware, Samuel F. Baxter and McKool Smith P.C. to allow me to act as the lawyer to represent them. With respect to Lawrence Friedman, Leslie D. Ware forced me to hire him. Paragraph 19 states, "Law may prescribe a procedure for determining a lawyer's fee, for example, in representation of an executor or administrator, or when a class or a person is entitled to recover a reasonable attorney's fee as part of the measure of damages. All involved lawyers should comply with any prescribed procedures." *Id.*

**Rule 1.06**

Under Rule 1.06(a), "[a] lawyer shall not represent opposing parties to the same litigation," but several exceptions are listed in the rule and comments. Each of Samuel F. Baxter, Leslie D. Ware, Carlos R. Cortez, Robert D. Crain, Lawrence Friedman, Kurt Pankratz, Mike McKool Jr., Angeline Bain, Brian Lidji, William Carmody, Donald Colleluori, A. Erin Dwyer, Ross Wells, Robert Miller, William Dawson, Theodore Stevenson, Amy Abboud Ware, and Paul S. Conneely have violated this rule, except that each of them may have consented in writing through Leslie D. Ware and myself.

Comment Paragraph 12 states, "[a] lawyer may be paid from a source other than the client, if the client is informed of that fact and consents and the arrangement does not compromise the lawyer's duty of loyalty to the client. *See* Rule 1.08(e). For example, when an insurer and its insured have conflicting interests in a matter arising from a liability insurance agreement, and the insurer is required to provide special counsel for the insured, the arrangement should assure the special counsel's professional independence. So also, when the State Bar of Texas and its directors or employees are involved in a controversy in which they have conflicting

interests, the State Bar of Texas may provide funds for separate legal representation of the directors or employees, if the clients consent after consultation and the arrangement ensures the lawyer's professional independence." Each of Samuel F. Baxter, Leslie D. Ware, Carlos R. Cortez, Robert D. Crain, Lawrence Friedman, Kurt Pankratz, Mike McKool Jr., Angeline Bain, Brian Lidji, William Carmody, Donald Colleluori, A. Erin Dwyer, Ross Wells, Robert Miller, William Dawson, Theodore Stevenson, Amy Abboud Ware, and Paul S. Conneely appear to have consented to provide funds for separate legal representation of the directors or employees after consultation, and the arrangement ensures the lawyer's professional independence.

However, Leslie D. Ware asserts that each has committed a tort against employees and violated 42 U.S.C. 1983. The insurer, through the Texas Bar Foundation or State Bar of Texas Insurance Trust, should not be permitted to terrorize the insured and "special counsel," thereby creating its own disciplinary matter arising from a liability insurance agreement, in which the insurer is required to provide "special counsel" for the insured, by paying the Board of Disciplinary Appeals to conduct an undercover investigation employing the employee further by following her and paying persons to employ her by calling her and following her, all because the Texas Disciplinary Rules of Professional Conduct are supposed "statutes" which require "the arrangement should assure the special counsel's professional independence." That's like a blanket permissive slip for lawyers and judges to employ a "minority member" - meaning female - of the State Bar of Texas such that they qualify for "insurance agreements" which are merely coverups for employers to get away with sophisticated employment of female lawyers. *Id.* This Rule is a travesty in that it continues, "[s]o also, when a corporation and its directors or employees are involved in a controversy in which they have conflicting interests, the corporation

may provide funds for separate legal representation of the directors or employees, if the clients consent after consultation and the arrangement ensures the lawyer's professional independence." What a farse! The legislature and whoever wrote these rules should be lynched. They legislate paragraphs of vague dictation which are so contrary to state and federal employment laws that they can only be said to be void.

Leslie D. Ware challenges the Constitutionality of this Paragraph because it violates principles of federalism and separation of powers. It also violates numerous bounds of contract law, which prohibit contracts of adhesion and permanent employment contracts. McKool Smith P.C. appears to have contractually bound the employee to a permanent employment contract with the State Bar of Texas and the insurer and notice of the investigation when it hired the employee, but only attempted to excuse its fair labor obligations in January 2011. Yet, McKool Smith P.C. is obviously still interested in the outcome because it appear to be getting paid on a contingency fee or other illegal basis to employ others. The State Bar of Texas, by waiving its immunity, may or may not waive the judicial immunity of judge "employees" paid extra for employment. The proof in the pudding is the fact that Chelsea L. Davis is to receive under this rule the funds provided by the State Bar of Texas as an "employee" or as "separate legal representation of the directors or employees." The rule simply requires that the employee had previously consented to "consultation" and that "the arrangement ensures the lawyer's professional independence." *Id.* And employment certainly ensured "professional independence" where, as here, the State Bar of Texas refuses to disbar the employee because it needs the employee to still be "professional" to fall under the legalized paid employment of this rule while the State Bar of Texas, its employees and its "separate legal representation of the directors or employees" are blacklisting and

retaliating against the employee in violation of Title VII and his Constitutional right to be free from unlawful searches.

So, are the State Bar of Texas, the Supreme Court of Texas, employees and the "separate legal representation of the directors or employees" a common employer if, as here, they are all forcing permanent employment? Yes. The employee desires to be divorced and finally freed from employment with the funds. Leslie Ware, McKool Smith P.C. and the State Bar of Texas continue to rehire the employee in spite of his intent to withdraw from employment due to the duress and illegality of the investigation, contracts, indemnification agreements, the Texas Disciplinary Rules of Professional Conduct and the Board of Disciplinary Appeals' internal operating rules. There is a question of ripeness of causes of actions due to the continued employment.

It is most powerful for the State Bar of Texas's disciplinary system for regulating attorneys to include a strategy by the State Bar of Texas indemnifier and insurer, abstention, a vexatious litigant order, rules preventing persons from testifying, and rules governing destruction of evidence. The employee must be ensured professional independence effecting his release from permanent employment with the Supreme Court of Texas. The United States Constitution's amendment bans slavery.

The Texas Government Code requires that "[a] panel of a district grievance committee of the state bar that votes on a grievance matter shall disclose to the complainant and the respondent in the matter the number of members of the panel: (1) voting for a finding of just cause; (2) voting against a finding of just cause; and (3) abstaining from voting on the matter." *Id.* The procedural prerequisites require pleading a certain discovery rule. Leslie D. Ware sets forth the

indemnification or insurance agreement which is written like a patent defining all terms to mean their opposite such that it may be an impossibility for an employee to represent himself.

Tex. Gov. Code Sec. 81.036 requires the State Bar of Texas to maintain such files as follows:

> "(a) The state bar shall maintain a file on each written complaint, other than a grievance against an attorney, filed with the state bar. The file must include;
>
> (1) the name of the person who filed the complaint;
>
> (2) the date the complaint is received by the state bar;
>
> (3) the subject matter of the complaint;
>
> (4) the name of each person contacted in relation to the complaint;
>
> (5) a summary of the results of the review or investigation of the complaint; and
>
> (6) an explanation of the reason the file was closed, if the state bar closed the file without taking action other than to investigate the complaint.
>
> (b) The state bar shall provide to the person filing the complaint and to each person who is a subject of the complaint a copy of the state bar's policies and procedures relating to complaint investigation and resolution.
>
> (c) The state bar, at least quarterly until final disposition of the complaint, shall notify the person filing the complaint and each person who is a subject of the complaint of the status of the investigation unless the notice would jeopardize an undercover investigation."

This document may create a court record which is to remain open for public inspection for the Supreme Court of Texas, State Bar of Texas and insurer in its capacity as a creditor, insurer, fund and/or bank. This document and Appendix attached hereto (including all attachments, which represent internal organs to be sold on a black market through a corporation of the State of Texas) do not represent the entire record. Leslie D. Ware does not recuse or dismiss himself. Leslie D. Ware may or may not waive service of process and notice on behalf

of the State Bar of Texas, Linda Acevedo and each of Samuel F. Baxter, Leslie D. Ware, Carlos R. Cortez, Robert D. Crain, Lawrence Friedman, Kurt Pankratz, Mike McKool Jr., Angeline Bain, Brian Lidji, William Carmody, Donald Colleluori, A. Erin Dwyer, Ross Wells, Robert Miller, William Dawson, Theodore Stevenson, Amy Abboud Ware, and Paul S. Conneely, except that Leslie D. Ware has confirmed on behalf of the State Bar of Texas that Chelsea L. Davis is in fact disbarred from the State of Texas because she resigned her Texas law license under duress to obtain termination of her employment and the funds owed to her.

Under Tex. R. Disciplinary P. 2.14(D):

> "For each Complaint not dismissed by a Summary Disposition Panel, the Chief Disciplinary Counsel shall give the Respondent written notice of the acts and/or omissions engaged in by the Respondent and of the Texas Disciplinary Rules of Professional Conduct that the Chief Disciplinary Counsel contends are violated by the alleged acts and/or omissions. Such notice shall be given by certified mail, return receipt requested, sent to the Respondent at the Address."

Borrower Leslie D. Ware argues that it was a commitment letter by Leslie D. Ware that constituted a contract by First Federal to restructure the loans; according to Leslie D. Ware, the refusal to restructure the loans in accordance with the Leslie D. Ware Letter constitutes breach of contract, tortious conduct, and a defense to liability under the Leslie D. Ware Note and Leslie D. Ware Guaranty. The RTC/Conservator points out that the Leslie D. Ware Letter contains clauses that conditioned the restructuring of the loans "upon satisfaction with the terms of the Refunding Bond issue and related documents." Because of these clauses, says the RTC/Conservator, when the bond rating agency required First Federal to post annually the full principal amount of the bonds in cash — a condition beyond First Federal's capacity — the proposed loan modifications came to naught and First Federal cannot be bound by any of the other terms of the Leslie D.

Ware Letter, which is a false statement. It is unclear whether the student loan was not refinanced. The Leslie D. Ware Letter appears to require a written legal opinion that the workouts were valid, binding, and enforceable agreements, and that, in light of First Federal's inability to meet the posting requirements, a legal opinion could not be obtained.

In February 1989, the Federal Home Loan Bank Board determined that First Federal was insolvent and appointed the Federal Savings and Loan Insurance Corporation ("FSLIC") as Conservator. In August, 1989, First Federal was declared insolvent and the RTC was appointed its Receiver. The RTC/Receiver, pursuant to a purchase and assumption agreement, conveyed substantially all of the assets of First Federal — including the Leslie D. Ware Note, Leslie D. Ware Guaranties, and Leslie D. Ware Deeds — to a new institution, First Savings of Arkansas, F.A. The RTC was appointed Conservator of First Savings, and pursuant to the Financial Institutions Reform, Recovery and Enforcement Act of 1989, the FDIC served as Managing Agent for the RTC.

The RTC/Conservator brought this action to foreclose the Leslie D. Ware deeds of trust which secured all the loans, to obtain payment of outstanding principal, interest and costs, and to enforce the guaranties. The United States District Court for the Northern, Western and Eastern Districts of Texas or Supreme Court of Texas must forthwith address all counterclaims and cross-claims in its Memorandum Opinion and Order filed January 14, 1991, in which the RTC Counterdefendants' Motion to Dismiss is/was/will not be granted and the RTC's Motion for Summary Judgment is/was/will not be granted in part. By its present Motion for Summary Judgment the RTC/Conservator seeks to recover on the Notes and Guaranties and an order of sale and foreclosure on the Leslie D. Ware deeds. GECESP Associates and State Bar of Texas

through Texas Bar Foundation and Insurance Trust move for judgment on the pleadings or, alternatively, summary judgment, but there has not yet been any release from personal liability as to the loan contained in Leslie D. Ware's and McKool Smith P.C.'s loan modification document. The RTC also moved for appointment of a receiver to take possession of the apartment complexes and collect the rents - there is no resolution of this issue. The employee is entitled to possession of the apartment complexes and to collect the rents.

Each of Samuel F. Baxter, Leslie D. Ware, Carlos R. Cortez, Robert D. Crain, Lawrence Friedman, Kurt Pankratz, Mike McKool Jr., Angeline Bain, Brian Lidji, William Carmody, Donald Colleluori, A. Erin Dwyer, Ross Wells, Robert Miller, William Dawson, Theodore Stevenson, Amy Abboud Ware, and Paul S. Conneely are personally liable for the debt, including debt created by judgment, as each contracted by participating in the venture and as clients signing promissory notes to assume personal liability as if substituted as borrowers and guarantors for the indemnification agreements, but the employee retains all ownership to collect the rents.

GECESP Associates LLC, the borrower under the Leslie D. Ware loan, failed to make the full payment of past due principal and interest that was required by the loan modification agreement. The agreement may or may not operate to free GECESP Associates LLC, McKool Smith P.C. and Leslie D. Ware from personal liability on the Leslie D. Ware loan, depending upon conditions of duress, lack of disclosure, consent, adhesion, permanent employment, etc.

In order to make out a prima facie case on the Leslie D. Ware Notes under Texas law, the RTC/Conservator must establish each Leslie D. Ware Note in question, that Leslie D. Ware signed the Note, that the RTC/Conservator or the employee is the legal holder and owner of the

Note, and that a certain balance is due and owing on the Note.  Leslie D. Ware has shown over $100,000,000 owing. Similarly, to enforce payment under a guaranty, the RTC/Conservator must establish that Leslie D. Ware signed the Guaranty, that the RTC/Conservator is the legal holder and owner of the Guaranty, and that a sum certain is due and owing on the Guaranty.

The RTC/Conservator may or may not have met its burden of proof on the elements of its prima facie case. Leslie D. Ware contests the RTC/Conservator's prima facie case on the ground that a sum certain due and owing has not been established. Leslie D. Ware argues that because the employee has not yet been sold at foreclosure the precise deficiency cannot yet be known. This contention is sufficient to prevent summary judgment. The amount of principal and interest due on the Leslie D. Ware Note has or has not been established without dispute at $100,000,000, but there are questions with regard to each of the Samuel F. Baxter Notes and the RTC/Conservator's request that enforcement be stayed subject to appropriate crediting of amounts received at foreclosure sale is appropriate.

No agreement which tends to diminish or defeat the interest of the State Bar of Texas and any asset acquired by it under this section or section 1821 of this Title, either as security for a loan or by purchase or as a receiver of any insured depository institution, shall be valid against the State Bar of Texas unless such agreement (1) is in writing, (2) was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset of the depository institution, (3) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and (4) has been, continuously from the time of its execution, an official record of the depository institution.

The Supreme Court has held that a requirement of § 1823(e) is "that the `agreement' not merely be in the bank's records at the time of an examination, but also have been executed and become a bank record `contemporaneously' with the making of the note and have been approved by officially recorded action of the bank's board or loan committee." *Langley v. Federal Deposit Insurance Corp.,* 484 U.S. 86, 92, 108 S.Ct. 396, 401, 98 L.Ed.2d 340 (1987).

The parties argue at length about whether the agreement between First Federal and Borrowers existed in the form of the commitment letters, about whether such agreement was properly executed according to the requirements of § 1823(e), and about whether the agreement was officially approved by First Federal's board. There has not been any admission that the agreement was not executed and did not become a bank record "'contemporaneously' with the making of the note," *id.,* because the Borrowers executed the agreement years prior contemporaneously with the making of the note. Separate contracts between a State Bar of Texas and Leslie D. Ware do not diminish the making the note in the first instance. Stealing the paper copy of the bank record or maliciously acting to skirt the obligations of borrowing and lending and paying taxes are at issue. The commitment letter also appears to be fraudulent.

The Leslie D. Ware letter agreements may not constitute an accord and satisfaction under Texas law. The affirmative defense of accord and satisfaction rests upon a new contract in which the parties agree to the discharge of an existing obligation in a manner otherwise than originally agreed. The tender of the alternate satisfaction is upon the condition that the acceptance will constitute a discharge of the underlying obligation farse. The employee has never made an acceptance.

CLAIM shall mean any threatened, pending or completed action, suit or proceeding (including, without limitation, securities laws actions, suits and proceedings and also any crossclaim or counterclaim in any action, suit or proceeding), whether civil, criminal, arbitral, administrative or investigative in nature, or any inquiry or investigation (including discovery), whether conducted by the Company or any other Person, that Indemnitee in good faith believes might lead to the institution of any action, suit or proceeding.

REVIEWING PARTY shall mean any appropriate person or body consisting of a member or members of the Company's Board of Directors or any other person or body appointed by the Board (including Special Counsel referred to in Section 3) who is not a party to the particular Claim for which Indemnitee is seeking indemnification. Thus far, far no judge can be a reviewing party because each judge and lawyer in the State of Texas is a party to the particular Claim for which Indemnitee is seeking indemnification.

(k) SPECIAL COUNSEL: shall mean special, independent counsel selected by Indemnitee and approved by the Company (which approval shall not be unreasonably withheld), and who has not otherwise performed services for the Company or for Indemnitee within the last three years (other than as Special Counsel under this Agreement or similar agreements).

Harlan R. Crow is indemnitee by agreement with Trammell Crow Company. Leslie D. Ware is covered person under director and liability insurance as former member of SMU Dedman School of Law Board of Trustees. Chelsea L. Davis is special Counsel.

**Rule 1.07, and Citations of Valid/Invalid Rules**

Paragraph 11 states "In the event of withdrawal by one or more parties from the enterprise, the lawyer may continue to act for the remaining parties and the enterprise. See also Rule 1.06 (c) (2) which authorizes continuation of the representation with consent."

Leslie D. Ware may or may not reach an accord and satisfaction that compromises a debt at the same time he creates an original debt obligation.

The inapplicability of accord and satisfaction under § 1823(e) may be particularly important where the debtor fails to fully satisfy the terms of the accord, does not retrieve the notes from the bank, and the bank does not mark the notes "paid."

In the event of withdrawal by one or more parties from the enterprise, the lawyer may continue to act for the remaining parties and the enterprise. See also Rule 1.06 (c) (2) which authorizes continuation of the representation with consent.

A lawyer may advance or guarantee court costs, expenses of litigation or administrative proceedings, and reasonably necessary medical and living expenses, which are $10,000,000 per month.

**<u>Rule 3.04</u>**

Rule 3.04 regarding fairness states,

> "[a] lawyer shall not: (a) unlawfully obstruct another party's access to evidence; in anticipation of a dispute unlawfully alter, destroy or conceal a document or other material that a competent lawyer would believe has potential or actual evidentiary value; or counsel or assist another person to do any such act. 64 (b) falsify evidence, counsel or assist a witness to testify falsely, or pay, offer to pay, or acquiesce in the offer or payment of compensation to a witness or other entity contingent upon the content of the testimony of the witness or the outcome of the case. But a lawyer may advance, guarantee, or acquiesce in the payment of: (1) expenses reasonably incurred by a witness in attending or testifying; (2) reasonable compensation to a witness for his loss of time in attending or testifying; (3) a reasonable fee for the professional services of an expert witness. (c) except as stated in paragraph (d), in representing a client before a tribunal: (1) habitually violate an established rule of procedure or of evidence; (2) state or

> allude to any matter that the lawyer does not reasonably believe is relevant to such proceeding or that will not be supported by admissible evidence, or assert personal knowledge of facts in issue except when testifying as a witness; (3) state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant or the guilt or innocence of an accused, except that a lawyer may argue on his analysis of the evidence and other permissible considerations for any position or conclusion with respect to the matters stated herein; (4) ask any question intended to degrade a witness or other person except where the lawyer reasonably believes that the question will lead to relevant and admissible evidence; or (5) engage in conduct intended to disrupt the proceedings.
>
> (d) knowingly disobey, or advise the client to disobey, an obligation under the standing rules of or a ruling by a tribunal except for an open refusal based either on an assertion that no valid obligation exists or on the client's willingness to accept any sanctions arising from such disobedience. (e) request a person other than a client to refrain from voluntarily giving relevant information to another party unless: (1) the person is a relative or an employee or other agent of a client; and (2) the lawyer reasonably believes that the person's interests will not be adversely affected by refraining from giving such information.

A lawyer shall not: (a) seek to influence a tribunal concerning a pending matter by means prohibited by law or applicable rules of practice or procedure; (b) except as otherwise permitted by law and not prohibited by applicable rules of practice or procedure, communicate or cause another to communicate ex parte with a tribunal for the purpose of influencing that entity or person concerning a pending matter other than: (1) in the course of official proceedings in the cause; (2) in writing if he promptly delivers a copy of the writing to opposing counsel or the adverse party if he is not represented by a lawyer; (3) orally upon adequate notice to opposing counsel or to the adverse party if he is not represented by a lawyer. (c) For purposes of this rule: (1) Matter has the meanings ascribed by it in Rule l.l0(f) of these Rules; (2) A matter is pending before a particular tribunal either when that entity has been selected to determine the matter or when it is reasonably foreseeable that that entity will be so selected.

**<u>Rule 3.08</u>**

Rule 3.08 Lawyer as Witness (a) A lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client, unless: (1) the testimony relates to an uncontested issue; (2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony; (3) the testimony relates to the nature and value of legal services rendered in the case; (4) the lawyer is a party to the action and is appearing pro se; or (5) the lawyer has promptly notified opposing counsel that the lawyer expects to testify in the matter and disqualification of the lawyer would work substantial hardship on the client. (b) A lawyer shall not continue as an advocate in a pending adjudicatory proceeding if the lawyer believes that the lawyer will be compelled to furnish testimony that will be substantially adverse to the lawyer's client, unless the client consents after full disclosure. (c) Without the client's informed consent, a lawyer may not act as advocate in an adjudicatory proceeding in which another lawyer in the lawyer's firm is prohibited by paragraphs (a) or (b) from serving as advocate. If the lawyer to be called as a witness could not also serve as an advocate under this Rule, that lawyer shall not take an active role before the tribunal in the presentation of the matter.

## Rule 3.10

Rule 3.10 Advocate in Non-adjudicative Proceedings A lawyer representing a client before a legislative or administrative body in a non-adjudicative proceeding shall disclose that the appearance is in a representative capacity and shall conform to the provisions of Rules 3.04(a) through (d), 3.05(a), and 4.01.

**Rule 4.01**

Rule 4.01 Truthfulness in Statements to Others In the course of representing a client a lawyer shall not knowingly: (a) make a false statement of material fact or law to a third person; or (b) fail to disclose a material fact to a third person when disclosure is necessary to avoid making the lawyer a party to a criminal act or knowingly assisting a fraudulent act perpetrated by a client.

Rule 4.02 Communication with One Represented by Counsel (a) In representing a client, a lawyer shall not communicate or cause or encourage another to communicate about the subject of the representation with a person, organization or entity of government the lawyer knows to be represented by another lawyer regarding that subject, unless the lawyer has the consent of the other lawyer or is authorized by law to do so. (b) In representing a client a lawyer shall not communicate or cause another to communicate about the subject of representation with a person or organization a lawyer knows to be employed or retained for the purpose of conferring with or advising another lawyer about the subject of the representation, unless the lawyer has the consent of the other lawyer or is authorized by law to do so. (c) For the purpose of this rule, organization or entity of government includes: (1) those persons presently having a managerial responsibility with an organization or entity of government that relates to the subject of the representation, or (2) those persons presently employed by such organization or entity and whose act or omission in connection with the subject of representation may make the organization or entity of government vicariously liable for such act or omission.

(d) When a person, organization, or entity of government that is represented by a lawyer in a matter seeks advice regarding that matter from another lawyer, the second lawyer is not

prohibited by paragraph (a) from giving such advice without notifying or seeking consent of the first lawyer.

**Rule 4.03**

Rule 4.03 Dealing With Unrepresented Person In dealing on behalf of a client with a person who is not represented by counsel, a lawyer shall not state or imply that the lawyer is disinterested. When the lawyer knows or reasonably should know that the unrepresented person misunderstands the lawyer's role in the matter, the lawyer shall make reasonable efforts to correct the misunderstanding.

**Rule 5.01**

Rule 5.01 Responsibilities of a Partner or Supervisory Lawyer A lawyer shall be subject to discipline because of another lawyer's violation of these rules of professional conduct if: (a) The lawyer is a partner or supervising lawyer and orders, encourages, or knowingly permits the conduct involved; or (b) The lawyer is a partner in the law firm in which the other lawyer practices, is the general counsel of a government agency's legal department in which the other lawyer is employed, or has direct supervisory authority over the other lawyer, and with knowledge of the other lawyer's violation of these rules knowingly fails to take reasonable remedial action to avoid or mitigate the consequences of the other lawyer's violation.

**Rule 5.05**

Rule 5.05 Unauthorized Practice of Law A lawyer shall not: (a) practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction; or (b) assist a person who is not a member of the bar in the performance of activity that constitutes the unauthorized practice of law.

**Rule 5.06**

Rule 5.06 Restrictions on Right to Practice A lawyer shall not participate in offering or making: (a) a partnership or employment agreement that restricts the rights of a lawyer to practice after termination of the relationship, except an agreement concerning benefits upon retirement; or (b) an agreement in which a restriction on the lawyers right to practice is part of the settlement of a suit or controversy, except that as part of the settlement of a disciplinary proceeding against a lawyer an agreement may be made placing restrictions on the right of that lawyer to practice.

**Rule 5.06**

Rule 5.08 Prohibited Discriminatory Activities (a) A lawyer shall not willfully, in connection with a disciplinary proceeding, except as provided in paragraph (b), manifest, by words or conduct, bias or prejudice based on race, sex, or sexual orientation toward any person involved in that disciplinary proceeding in any capacity. (b) Paragraph (a) does not apply to a lawyer's decision whether to represent a particular person in connection with an adjudicatory proceeding, nor to the process of jury selection, nor to communications protected as confidential information under these Rules. See Rule 1.05(a),(b). It also does not preclude advocacy in connection with an adjudicatory proceeding involving any of the factors set out in paragraph (a) if that advocacy: (i) is necessary in order to address any substantive or procedural issues raised by the proceeding; and (ii) is conducted in conformity with applicable rulings and orders of a tribunal and applicable rules of practice and procedure.

**Rule 8.01**

Rule 8.01 Bar Admission, Reinstatement, and Disciplinary Matters a lawyer in connection with ... a disciplinary matter, shall not: (a) knowingly make a false statement of material fact; or (b) fail to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admission, reinstatement, or disciplinary authority, except that this rule does not require disclosure of information otherwise protected by Rule 1.05.

**Rule 8.02**

Rule 8.02 Judicial and Legal Officials (a) A lawyer shall not make a statement that the lawyer knows to be false or with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge, adjudicatory official or public legal officer, or of a candidate for election or appointment to judicial or legal office. (b) A lawyer who is a candidate for judicial office shall comply with the applicable provisions of the Texas Code of Judicial Conduct. (c) A lawyer who is a candidate for an elective public office shall comply with the applicable provisions of the Texas Election Code.

**Rule 8.04**

Rule 8.04 Misconduct (a) A lawyer shall not: (1) violate these rules, knowingly assist or induce another to do so, or do so through the acts of another, whether or not such violation occurred in the course of a client-lawyer relationship; (2) commit a serious crime or commit any other criminal act that reflects adversely on the lawyers honesty, trustworthiness or fitness as a lawyer in other respects; (3) engage in conduct involving dishonesty, fraud, deceit or misrepresentation; (4) engage in conduct constituting obstruction of justice; (5) state or imply an ability to influence improperly a government agency or official; (6) knowingly assist a judge or

judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law; (7) violate any disciplinary order or judgment; (8) fail to timely furnish to the Chief Disciplinary Counsels office or a district grievance committee a response or other information as required by the Texas Rules of Disciplinary Procedure, unless he or she in good faith timely asserts a privilege or other legal ground for failure to do so; (9) engage in conduct that constitutes barratry as defined by the law of this state; (10) fail to comply with section 13.01 of the Texas Rules of Disciplinary Procedure relating to notification of an attorneys cessation of practice; (11) engage in the practice of law when the lawyer is on inactive status or when the lawyers right to practice has been suspended or terminated, including but not limited to situations where a lawyers right to practice has been administratively suspended for failure to timely pay required fees or assessments or for failure to comply with Article XII of the State Bar Rules relating to Mandatory Continuing Legal Education; or (12) violate any other laws of this state relating to the professional conduct of lawyers and to the practice of law. (b) As used in subsection (a)(2) of this Rule, serious crime means barratry; any felony involving moral turpitude; any misdemeanor involving theft, embezzlement, or fraudulent or reckless misappropriation of money or other property; or any attempt, conspiracy, or solicitation of another to commit any of the foregoing crimes.

There are four principal sources of professional obligations for lawyers in Texas: these Rules, the State Bar Act, the State Bar Rules, and the Texas Rules of Disciplinary Procedure (TRDP). Rule 1.06(O) of the TRDP contains a partial listing of the grounds for discipline under those Rules.

***SEXUAL HARASSMENT, WAGE DISCRIMINATION, CONSPIRACY, ASSAULT, SEXUAL ASSAULT, BREACH OF CONTRACT, BREACH OF FIDUCIARY DUTY***

Leslie Ware conspired with others in a meeting of the minds to have me drugged without my consent in 2011 by himself and Kevin Smith, in 2012 by himself and Jon Stevens, and on July 5, 2013 by R. Brian Teal. Leslie Ware conspired with others in a meeting of the minds to have me violently raped by Judge Carlos R. Cortez on or about Dec. 5, 2012 and by R. Brian Teal and Dallas police officers on July 5, 2013. Leslie Ware is a sexual predator who found me in at least 2007 through my home builder and proceeded to stalk, sexually harass and sexually abuse me. He forced me to pull down my shirt or pull up my skirt for him to see and touch me. He forced me to drink urine and eat feces. I was subjected to a hostile work environment. I have been segregated, classified, and discriminated against because I am a female. Leslie D. Ware is a male. As an officer or director of the State Bar of Texas, he has acted in his official capacity in violation of 42 U.S.C. 1983 to steal money for the State Bar of Texas by screwing up the final decree of divorce which was previously entered in the 254th Judicial District Court in Dallas County, Texas.

Leslie Ware, colluding with others in the State Bar of Texas and the State Bar of Texas acting as a common employer as a "company" or "corporation," for which the employee does not plead waiver of the State Bar of Texas's immunity by the Tex. Gov't. Code, stating the State Bar of Texas cannot "sue and be sued," paying less than male employees. The State Bar of Texas willfully discriminated against me by paying me less than males. The State Bar of Texas discriminated against the employee based on sex. The employee pleads the discovery rule. A state may consent to suit against it in federal court by effecting a waiver of its <u>U.S.</u> <u>Const.</u> <u>Amend.</u> <u>XI</u> immunity. Such consent has been found to have occurred by statute, through a state charter provision, and through congressional action taken pursuant to a federal power. Tex. Gov't

Code Ann. § 2001.171 provides a limited waiver of sovereign immunity. The State Bar Act does not waive any sovereign immunity of the Commission for Lawyer Discipline and/or District Grievance Committees. Tex. Gov't Code § 81.014 ("The state bar may sue and be sued in its own name."). However, the Third Court of Appeals has "repeatedly held that [section 2001.171 of the APA] is a procedural provision that does not confer independent subject matter jurisdiction on the district court." *Eldercare Props., Inc. v. Tex. Dep't of Human Servs.*, 63 S.W.3d 551, 557 (Tex. App.--Austin 2001, pet. denied).

Tex. Gov. Code Sec. 81.072(b) has recently been amended to require this Supreme Court to provide in its standards and procedures for processing grievances against attorneys "(7) an option for a trial in a district court on a complaint and an administrative system for attorney disciplinary findings in lieu of trials in district court, including an appeal procedure to the Board of Disciplinary Appeals and the Supreme Court under the substantial evidence rule." *Id.* In violation of this statute, thus far, Judge Jill Willis signed an order denying me a trial in a district court and an administrative system for attorney disciplinary findings in lieu of trials in district court, including an appeal procedure to the Board of Disciplinary Appeals and to the Supreme Court.

At all material times, the State Bar of Texas acted, directly or indirectly, in the interest of an employer with respect to me. At all times, the State Bar of Texas has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d). *See* Fair Labor Standards Act ("FLSA"), 29 U.S.C.S. § 207. At all times, the State Bar of Texas has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r). At all times, the State Bar of Texas has been an enterprise engaged in commerce or in the production of goods for commerce within

the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated). At all times, the State Bar of Texas is deemed to be an individual employee or otherwise engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207 for the State Bar of Texas. Employee worked for the State Bar of Texas from within the last two years. Despite misclassifying employee as an independent contractor, the State Bar of Texas controls all aspects of work and refuses to allow minority members to quit. Specifically, minority member was previously required to wear certain clothing. In addition, the State Bar of Texas assigns work and schedule. Employees previously required to adhere to the schedule of the State Bar of Texas by Leslie D. Ware, an officer or director of the Board, who dictated the manner in which employees performed job duties as well as how much for each job. Employee was paid a fixed amount for each job regardless of the number of hours worked. Employee routinely worked over 60 hours per week. Leslie Ware and the State Bar of Texas knew that employee worked in excess of 40 hours per week and allowed and directed employee to do so. Employee is entitled to receive wages at $350 per hour, promised wages in accordance with and in excess of the standard pay scale and overtime pay for all hours worked in excess of 40 hours per work week.

Under Title VII and 42 U.S.C. 2000e-2(a) (2010), employee was the victim of quid pro quo and hostile work environment sexual harassment and discrimination based on sex under state

and federal law with respect to conditions and privileges of employment.

Leslie Ware and the State Bar of Texas through its agents, supervisors, employees and legal representatives violated civil rights in violation of 42 U.S.C. §1981 and Title VII, by discriminating against employee with respect to compensation, terms, conditions, and/or privileges of employment, because of sex. These violations consisted of discrimination of a continuous nature during my previous employment with the State Bar of Texas beginning in 2007. Leslie Ware and the State Bar of Texas through its agents, supervisors, and/or employees, discriminated against employee and continue to unlawfully retaliate against minority members.

The State Bar of Texas is an employer within the meaning of Title VII. 42 U.S.C. § 2000e(b). The State Bar of Texas intentionally discriminated against employee because of sex in violation of Title VII. 42 U.S.C. § 2000e-2.

The State Bar of Texas as an employer, labor organization, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs unlawfully discriminated against employee because of sex in admission to, or employment in, any program established to provide apprenticeship or other training.

Leslie Ware and the State Bar of Texas's conduct constitutes violations of statutory law. Such tortious conduct seriously affects employees. Employees incurred out-of-pocket expenses, which include litigation costs and other expenses.

As a direct and/or proximate result of Leslie Ware and the State Bar of Texas's conduct, employee suffered. Leslie D. Ware further challenges the Constitutionality of the rules and bylaws governing the State Bar of Texas and its insurance activities in the State Bar of Texas Insurance Trust and funding of persons to discriminate.

## DAMAGES

As a proximate result of each of Commission for Lawyer Discipline, State Bar of Texas, Samuel F. Baxter, Leslie D. Ware, Carlos R. Cortez, Robert D. Crain, Lawrence Friedman, Kurt Pankratz, Mike McKool Jr., Angeline Bain, Brian Lidji, William Carmody, Donald Colleluori, A. Erin Dwyer, Ross Wells, Robert Miller, William Dawson, Theodore Stevenson, Amy Abboud Ware and Paul S. Conneely's conduct, disbarred minority member suffered damages. Leslie D. Ware seeks up to and over $1,000,000 in monetary damages. Disbarred minority member suffered: loss of earnings in the past; loss of earnings in the future; and loss of employee entitled benefits due to a contract of adhesion and slavery in violation of the United States Constitution.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Leslie D. Ware prays that each of Commission for Lawyer Discipline, State Bar of Texas, Samuel F. Baxter, Leslie D. Ware, Carlos R. Cortez, Robert D. Crain, Lawrence Friedman, Kurt Pankratz, Mike McKool Jr., Angeline Bain, Brian Lidji, William Carmody, Donald Colleluori, A. Erin Dwyer, Ross Wells, Robert Miller, William Dawson, Theodore Stevenson, Amy Abboud Ware and Paul S. Conneely be cited to appear and answer and that judgment be entered confirming disbarment of Chelsea L. Davis from the State Bar of Texas and reimbursing disbarred minority member for losses, costs and expenses. As you can see, the State Bar of Texas Bar Numbers that begin with "0" indicate officers and directors of the State Bar of Texas.

Again, the first chosen venue as attorney for Plaintiff Leslie D. Ware against the State Bar of Texas and Amy Abboud Ware is in state or federal court, in which Leslie D. Ware petitions for divorce against Amy Abboud Ware and provides notice of his attached assets and

liabilities to cross-claimant/intervenor/interested party Chelsea L. Davis and that the 429th Judicial District Court in Collin County, Texas and 254th Judicial District Court in Dallas County, Texas previously issued and entered final divorce decrees.

Respectfully submitted,

/s/Chelsea L. Davis
Chelsea L. Davis
25 Highland Park Vlg., Ste. 100-830
Dallas, TX 75205
Telephone: (469) 426-5850
Facsimile: (469) 533-0466
cdavis@chelseadavispc.com

Leslie D. Ware
Texas Bar No. **00785179**
7161 Bishop Rd., Ste. 200
Plano, TX 75034

Samuel F. Baxter
**Texas Bar No. 01938000**
104 East Houston Street, Suite 300
Marshall, TX 75670

Don Colleluori
TX BAR NO. 04581950
A. Erin Dwyer
TX BAR NO. 06302700
3400 Bank of America Plaza
901 Main St Ste 3400
Dallas, TX 75202
Phone: 214-939-2007
FAX: 214-939-2090
don.colleluori@figdav.com
erin.dwyer@figdav.com

**ADDITIONAL PETITIONER/RESPONDENT 1.** Lidji Dorey & Hooper

Brian M. Lidji
TX Bar No. 12329700
500 N. Akard, Suite 3500
Dallas, TX 75201

Direct 214-774-1220
Fax 214.774.1212
blidji@ldhlaw.com

**ADDITIONAL PETITIONER/RESPONDENT 2.** Goranson Bain PLLC
ANGELINE L. ("ANGIE") BAIN
TX BAR NO. 01546650
8350 N. Central Expressway, Suite 1700
Dallas, TX 75206
PHONE: 214.373.7676
Fax: 214.373.9959

**ADDITIONAL PETITIONER/RESPONDENT 3.** Gray Reed & McGraw P.C. (*and* Looper Reed & McGraw)
KEN STONE
TX BAR NO. 19296300
JAMES RIBMAN
Texas Bar No. **00797762**
1601 Elm Street, Suite 4600
Dallas, TX 75201
T: 214.954.4135
F: 469.320.6878
kstone@grayreed.com
jribman@grayreed.com

**ADDITIONAL PETITIONER/RESPONDENT 4.** Jeff Hall
Jeff Hall
TX BAR NO. 00787622
2200 Ross Avenue Suite 5350
Dallas, TX 75201
214-658-6513
jthallesq@gmail.com

**ADDITIONAL PETITIONER/RESPONDENT 5.** FOX ROTHSCHILD LLP
DARRELL MINTER
Texas Bar No. **14189400**
Two Lincoln Centre
5420 LBJ Freeway, Suite 1200
Dallas. TX 75240-6215
Tel 214-231-5711 Fax 972.404.0516
DMinter@foxrothschild.com

**ADDITIONAL PETITIONER/RESPONDENT 6.** MILLER BROWN LLP
J. Robert Miller Jr.
TX Bar No. 14092500
rmiller@miller-brown.com
400 South Ervay Street
Dallas, Texas 75201-5513

(214) 748-7600
FAX: (214) 204-9134

**ADDITIONAL PETITIONER/RESPONDENT 7.** Friedman & Feiger LLP

Lawrence J. Friedman
Texas Bar No. 07469300
Carlos Morales
Texas Bar No. 24025545
5301 Spring Valley, Suite 200
Dallas, Texas 75254
Telephone (972) 788-1400
FAX (972) 788-2667
lfriedman@fflawoffice.com

**ADDITIONAL PETITIONER/RESPONDENT 8.** Gibson Dunn LLP

Veronica S. Lewis, Texas Bar No. 24000092
vlewis@gibsondunn.com
William B. Dawson, Texas Bar No. 05606300
wdawson@gibsondunn.com
Benjamin D. Williams, Texas Bar No. 24072517
bwilliams@gibsondunn.com
Gibson Dunn LLP
2100 McKinney Avenue
Suite 1100
Dallas, TX 75201-6912
Tel: +1 214.698.3100
Fax: +1 214.571.2900

**ADDITIONAL PETITIONER/RESPONDENT 9.** Abernathy, Roeder, Boyd & Joplin, P.C.

Ross Wells
Texas Bar No. **24047087**
1700 Redbud Boulevard, Suite 300
McKinney, TX 75069
Phone: (214) 544-4000
Fax: (214) 544-4040
rwells@abernathy-law.com

**ADDITIONAL PETITIONER/RESPONDENT 10.** Figari & Davenport LLC

Don Colleluori
TX BAR NO. 04581950
A. Erin Dwyer
TX BAR NO. 06302700
3400 Bank of America Plaza
901 Main St Ste 3400
Dallas, TX 75202
Phone: 214-939-2007
FAX: 214-939-2090

don.colleluori@figdav.com
erin.dwyer@figdav.com

**ADDITIONAL PETITIONER/RESPONDENT 11.** Herring & Irwin

CHARLES HERRING Jr.
Texas Bar No. **09534100**
1411 West Avenue, Ste 100
Austin, TX 78701
Phone: 512-320-0665
cherring@herring-irwin.com

**ADDITIONAL PETITIONER/RESPONDENT 12.** Baker Botts LLP

George Lamb III
Texas Bar No. 11836700
Phone: 214-953-6659
Calvin Roderick Phelan II
Texas Bar No. 15899800
Phone: 214-953-6609
2001 Ross Ave. Ste.
Dallas, TX 75201
Fax (214) 661-4659
george.lamb@bakerbotts.com
rod.phelan@bakerbotts.com

**ADDITIONAL PETITIONER/RESPONDENT 13.** Trevor R. Jefferies

Arnold & Porter LLP
Texas Bar No. **00790963**
700 Louisiana Street, Suite 1600
Houston, Texas 77002
Telephone: +1 713-576-2403
Cell Phone: +1 713-530-8243
trevor.jefferies@aporter.com

**ADDITIONAL PETITIONER/RESPONDENT 14.** Vanessa Griffith

Texas Bar No. **00790469**
Vinson & Elkins LLP
2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975
Tel +1.214.220.7713
Fax +1.214.999.7713
E-mail vgriffith@velaw.com

**ADDITIONAL PETITIONER/RESPONDENT 15.** James McKey - Deceased

Texas Bar No. 13712000
5814 Southminster
Houston, TX 77035
Phone: 713-791-1979
jmckey@kendalllawgroup.com

**ADDITIONAL PETITIONER/RESPONDENT 16.** Levi G. McCathern, II

Texas Bar No. **00787990**
McCathern, PLLC
3710 Rawlins St., Suite 1600
Dallas, Texas 75219
214.741.2662 Office
214.741.4717 Fax
lmccathern@mccathernlaw.com

**ADDITIONAL PETITIONER/RESPONDENT 17.** Barry Sorrels

Texas Bar No. 18855300
Sorrels Udashen & Anton
2311 Cedar Springs Rd Ste 250
Dallas, TX 75201
Phone: 214-468-8100

**ADDITIONAL PETITIONER/RESPONDENT 18.** Robert Cady

Texas Bar No. 03588000
400 N. Saint Paul Street, Suite 1245
Dallas, TX 75201
Phone: 214-651-0000

**ADDITIONAL PETITIONER/RESPONDENT 19.** CARLOS R. CORTEZ

**Texas Bar No. 00796407**
**The MAS Law Firm**
212 W. Spring Valley Rd.
Richardson, TX 75081
**Phone: 972-789-1664**
**lawyerlos@aol.com**

**ADDITIONAL PETITIONER/RESPONDENT 20.** ROBERT D. CRAIN

**Texas Bar No. 00790525**
**Crain Lewis, L.L.P.**
3400 Carlisle St Ste 200
Dallas, TX 75204
**Phone: 214-522-9404**

**ADDITIONAL PETITIONER/RESPONDENT 21.** KURT PANKRATZ

Baker Botts LLP
2001 Ross Ave. Ste. 600
Dallas TX 75201
**Texas Bar No. 24013291**
**Phone 214-95306584**

**ADDITIONAL PETITIONER/RESPONDENT 22.** MIKE MCKOOL JR.

**Texas Bar No. 13732100**

THEODORE STEVENSON III

**Texas Bar No. 19196650**

**McKool Smith P.C.**

**300 Crescent Ct Ste 1500**

**Dallas, TX 75201-7856**

**Phone: 214-978-4002**

**ADDITIONAL PETITIONER/RESPONDENT 23.** WILLIAM CARMODY
**Texas Bar No. 03823650**
**Susman Godfrey LLP**
560 Lexington Ave Fl 15
New York, NY 10022
**Phone: 212-336-8330**

**ADDITIONAL PETITIONER/RESPONDENT 24.** AMY LYN ABBOUD
**Texas Bar No. 00799680**
**The Ware Firm**
7161 Bishop Road, Suite 200
Plano, TX 75024
**Phone: 214-744-5000**

**ADDITIONAL PETITIONER/RESPONDENT 25.** PAUL S. CONNEELY
**Texas Bar No. 24059600**
**Fulbright & Jaworski L.L.P.**
2200 Ross Ave Ste 2800
Dallas, TX 75201
**Phone: 214-855-7478**

**ADDITIONAL PETITIONER/RESPONDENT 26.** Lewis T. Stevens
TX Bar No. 24031366
131 East Exchange Ave., No. 204
Fort Worth, TX 76164
T-817-332-4466
F-817-332-4476
lstevens@lstevenslaw.com