**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

Chelsea L. Davis

v.

SUPREME COURT OF TEXAS, Carlos R. Cortez, Leslie D. Ware, Samuel F. Baxter, McKool Smith P.C., GECESP Associates LLC, R. Brian Teal, William C. Carmody, Jon Stevens, Southern Methodist University, Southern Methodist University Dedman School of Law, John Attanasio, David C. Godbey, Angeline Bain, Don Colleluori, Brian Lidji, Lawrence Friedman, Emily Tobolowsky, Donald Turner, James Martin, STATE BAR OF TEXAS, DETECTIVE AGUILAR, TOWN OF ADDISON MUNICIPAL COURT, ADDISON POLICE DEPARTMENT, Susan Farris, Ben Selman, and Gayle Vickers

Nos. 4: 15-cv-82
JURY

**AMENDED MOTION FOR ANTI-SUIT INJUNCTION AND DECLARATORY RELIEF**

I respectfully request this Court to enjoin the State Bar of Texas, Detective Aguilar, the Town of Addison Municipal Court, the Addison Police Department, and other persons and entities acting on their behalf from executing a warrant for my arrest, arresting me, detaining me, imprisoning me, and from not paying me $350 per hour for my labor, services and imprisonment. I respectfully move for this Court to enjoin the Supreme Court of Texas from enforcing any "vexatious litigant order" against me. I respectfully move for this Court to enjoin or compel the Judicial Civil District Courts of Dallas County, Texas enforcing or vacate or modify the "Order Transferring Case" signed by Emily Tobolowsky on Nov. 26, 2013. I respectfully move for this Court to enjoin or compel the United States District Court for the Northern District of Texas or vacate or modify enforcing the "Order of Transfer" signed by Jane Boyle on Jan. 9, 2014. I request this Court to enter an order clarifying the procedural posture. I move to abate relevant

acts or "proceedings" against me in favor of this "proceeding" before this Court or upon surrender of jurisdiction to the United States District Court for the Southern or Western District of Texas.

I incorporate by reference herein publication of citation by publication against the SUPREME COURT OF TEXAS, STATE BAR OF TEXAS, DETECTIVE AGUILAR, TOWN OF ADDISON MUNICIPAL COURT, and ADDISON POLICE DEPARTMENT, along with Susan Farris and Gayle Vickers.

I oppose subsequent extensions of any temporary restraining order and any temporary injunction. I appear and move for its dissolution or modification and in that event the court shall proceed to hear and determine such motion as expeditiously as the ends of justice require.

Every restraining order shall include an order setting a certain date for hearing on the temporary or permanent injunction sought. I set the date of the hearing before Judge Ron Clark on March 10, 2015 at 1:30pm at the Paul Brown United States Courthouse at 101 East Pecan Street, Sherman, TX 75090, phone 903-893-7008, fax 903-893-9067. I oppose permanent injunction order. I request this Court to issue and serve subpoenas on Leslie D. Ware, Samuel F. Baxter, Harlan R. Crow, R. Brian Teal, Carlos R. Cortez, Gayle Vickers, Susan Farris, Ben Selman, Angeline Bain, Donald Colleluori, Ken Stone, Emily Tobolowsky, Donald Turner, Jill Willis, and Phyllis Lister Brown to compel them to appear in person and testify under oath subject to penalty of perjury in response to my questions such that this Court provides its resources to record deposition testimony by video recording and by court reporter to be supervised by Judge Amos Mazzant.

As applicant, I hereby present my petition to the judge verified by my affidavit and containing a plain and intelligible statement of the grounds for relief, including the fact that I am a victim of human trafficking forced labor and sex.

Under Tex. R. Civ. P. 685, to the extent "such orders do not pertain to a pending suit in said court, the cause shall be entered on the docket of the court in its regular order in the name of the party applying for the writ as plaintiff and of the opposite party as defendant." *Id.*

Under Tex. Pen. Code 42.07, I file this complaint against State Bar of Texas employee Gayle Vickers and counsel Susan Farris because each of them committed the offense of harassment against me when Ms. Vickers and Ms. Farris, with the intent to harass, annoy, alarm, abuse, torment, or embarrass me, Ms. Vickers and Ms. Farris: initiated communication with me and in the course of the communication made a comment, request, suggestion, or proposal that is obscene; threatened, in a manner reasonably likely to alarm me, to inflict bodily injury on me or to commit a felony against me or my property; caused the telephone of another to ring repeatedly or made repeated telephone communications anonymously or in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend me; knowingly permitted a telephone under the person's control to be used by another to commit an offense under this section against me; or sent repeated electronic communications in a manner reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend me.

I have shown that irreparable harm would result if proceedings continued and overcame presumption that proceedings were unbiased.

Thus the Eleventh Amendment does not give the State Bar of Texas and its trial counsel immunity from suits for damages based on harassment prior to initiating a discipinary proceeding against me.

I may bring this action for declaratory judgment that I have not committed professional misconduct nor have I committed inexcusable contempt of court prior to a complaint being filed against me by the Commission for Lawyer Discipline.

There are material facts in dispute and Susan Farris, Gayle Vickers and Ben Selman are not entitled to judgment as a matter of law.

A court's power to protect its jurisdiction includes the power to enjoin a dissatisfied party bent on re-litigating claims that were (or could have been) previously litigated before the court from filing in both judicial and non-judicial forums, as long as the injunction does not completely foreclose a litigant from any access to the courts. The "vexatious litigant order" combined with notice of removal to the United States District Court for the Northern District of Texas are completely foreclosing me from access to the state courts, which is unlawful and unconstitutional, especially to the extent I am prevented under the circumstances from filing and courts in the Northern District of Texas are prevented from filing my petition for writ of habeas corpus if I were to be arrested in the Northern District of Texas for any reason. Such blocking of my access to the courts leaves me exposed to unlawful obstruction of justice and further retaliation by the colleagues and buddies of Carlos R. Cortez who raped me on Dec. 5, 2012. I complain of harassment by Judge James Martin who has said he wants to hold me in contempt of court for six months even though he has not charged me with violating any court order. He is just out to get me, along with all of the other judges in Dallas County. I am a victim of stalking,

sexual assault and human trafficking, and as such, there is no probable cause to arrest me. A district court has broad discretion to modify an existing injunctive order when factual circumstances have changed or new ones have arisen since the order was issued, as long as notice and an opportunity to be heard are provided before the modification is made. I request this Court to enter an order clarifying that there are currently no valid injunctive orders or orders for my arrest against me in either the Northern, Western or Eastern Districts of Texas.

Courts have held that an injunction designed to protect against abusive and vexatious litigation cannot completely foreclose a litigant from any access to the courts.

42 U.S.C.S. § 1988, as amended by the Civil Rights Attorney's Fees Awards Act of 1976, 90 Stat. 2641, provides in pertinent part: In any action or proceeding to enforce a provision of §§ 1981, 1982, 1983, 1985, and 1986 of this title the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. *Supreme Court v. Consumers Union of United States*, 446 U.S. 719, 721 (U.S. 1980). Because I am the only prevailing party, I request this Court to give me my reasonable attorney's fee of $3,500,000 from the Supreme Court of Texas or State Bar of Texas for the 10,000 hours Chelsea L. Davis worked preparing, filing, or otherwise working due to force, fraud or coercion at $350 per hour.

A state's highest court and its members are proper defendants in an action under 42 USCS 1983 seeking a declaration that a disciplinary rule of the state code of professional responsibility governing the conduct of attorneys violates a consumer organization's First and Fourteenth Amendment rights to gather, publish and receive factual information concerning attorneys and also seeking a permanent injunction against the enforcement and operation of the

rule, where, pursuant to its inherent authority and state statutory law, the state court may or may not have the authority to enforce the state code beyond that of adjudicating complaints filed by others and beyond the normal authority of the courts to punish attorneys for contempt. I therefore move to enjoin enforcement of the rule which prevents members of the State Bar of Texas from testifying as to proceedings before the Board of Disciplinary Appeals without waiving confidentiality.

28 U.S.C. 2283 does not prohibit federal injunctions against the initiation of state actions, and I have effectively preliminarily enjoined the initiation of a harassment action against myself in state court while filing an action for harassment against the State Bar of Texas here. Judges defending against 42 U.S.C.S. § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities. However, the United States Supreme Court has never held that judicial immunity absolutely insulates judges from declaratory or injunctive relief with respect to their judicial acts. I move to enjoin the judges of Dallas County, Texas from refusing to judicially act upon my paper and electronic filings. I move to enjoin the judges of Dallas County, Texas from not setting a hearing within one day of my request for a hearing within three business days at which the court cannot proceed with the hearing until someone picks me up and takes me to the hearing for me to appear in person. I move to enjoin the judges of Dallas County, Texas from refusing to accept a personal recognizance bond or bond amount set at $0.00 for me to let me out of jail free. I move to enjoin the judges of Dallas County, Texas from ordering my arrest and any person from arresting me based directly or indirectly on an email to Gayle Vickers and Susan Farris immediately after they harassed me by emailing me allegedly "ordering" me to email them by March 6, 2015 on at least March 10,

2015. I move to enjoin the judges of the Northern and Eastern Districts of Texas from holding me in contempt of court or otherwise causing me to be arrested on at least March 10, 2015 and from not compelling my immediate release from jail on at least March 10, 2015.

Judicial immunity is not a bar to declaratory and injunctive relief for acts taken in the judge's *judicial* capacity. Clearly, I am mounting a facial challenge to an unconstitutional statute passed by the legislature, and the proper party defendants are the executive branch state officers charged with enforcing that statute. In this case, due to the unique role of the Texas Supreme Court, Defendants are to include those state officers. In sum, for the facial challenge I bring today, Defendants are the proper party defendants because they are charged with enforcing the allegedly unconstitutional rule.

With regard to legislative immunity, the same immunity applies to members of a state bar association whose role is "completely defined by the court." Lewis, 792 F.2d at 497 (quoting Bates, 433 U.S. at 361, 97 S. Ct. at 2697). *Leclerc v. Webb*, 270 F. Supp. 2d 779, 794 (E.D. La. 2003). My claims are based on federal law and raise a federal question. At this time, there either are or are not state court proceedings in which this Court need fear interfering.

Tex. Gov't Code Sec. 81.017 is unconstitutional for conflicting with federal law, where it attempts to immunize persons from liability, stating: "(a) An indebtedness, liability, or obligation of the state bar does not: (1) create a debt or other liability of the state or of any entity other than the state bar or any successor public corporation; or (2) create any personal liability on the part of the members of the state bar or the members of the board of directors or any authorized person issuing, executing, or delivering any evidence of the indebtedness, liability, or obligation. (b) The state bar may not create an indebtedness, liability, or obligation that cannot

be paid from the receipts for the current year unless approved by referendum of all members of the state bar as provided by Section 81.024." *Id.* Such law is detrimental to the public health in that it unlawfully encourages male lawyers and judges to rape female lawyers and then defend themselves by maliciously filing a false grievance against the woman's law license to compel the state bar to get involved in an attempt to attach immunity of this rule or inapplicability of res judicata, which violates federal laws which protect persons from double jeopardy.

Tex. Gov't Code Sec. 81.018 is unconstitutional for conflicting with federal law, where it attempts to immunize persons other than myself from liability, stating: "Any bond, note, debenture, evidence of indebtedness, mortgage, deed of trust, assignment, pledge, contract, lease, agreement, or other contractual obligation owed to or by the state bar on June 11, 1979, remains in force and effect according to the terms of the obligation."

I challenge the rule defining the board of directors of the State Bar of Texas as including "not more than 30 members of the state bar elected by the membership from their district as determined by the board." If that's true, then I am a minority member director appointed by the president of the State Bar of Texas as provided by Subsection (d), and I have immunity from prosecution against me.

I plead the "Disclosure rule," which "means the disciplinary rule that requires a prosecutor to disclose to the defense all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense, including Rule 3.09(d), Texas Disciplinary Rules of Professional Conduct.

Under Tex. Gov't Code Sec. 501.101, I hereby may be a "wrongfully imprisoned person" because I am "a person who: (1) has served in whole or in part a sentence in a facility operated

by or under contract with the department; and (2) has: (A) received a pardon for innocence for the crime for which the person was sentenced; (B) been granted relief in accordance with this writ of habeas corpus that is based on a court finding or determination that the person is actually innocent of the crime for which the person was sentenced; or (C) been granted relief in accordance with a writ of habeas corpus and: (i) the state district court in which the charge against the person was pending has entered an order dismissing the charge; and (ii) the district court's dismissal order is based on a motion to dismiss in which the state's attorney states that no credible evidence exists that inculpates the defendant and, either in the motion or in an affidavit, the state's attorney states that the state's attorney believes that the defendant is actually innocent of the crime for which the person was sentenced.

Regardless of whether a state's grant of permission to practice law is a "right" or "privilege," a person cannot be prevented from practicing law except for valid reasons. Id. n.5 (citing Ex parte Garland, 71 U.S. 333, 4 Wall. 333, 379, 18 L. Ed. 366). *Leclerc v. Webb*, 270 F. Supp. 2d 779, 796 (E.D. La. 2003). I am prevented from availing myself of the state review procedures and therefore claim due process violation. I am still a licensed minority member attorney in good standing in the State Bar of Texas.

The United States District Court for the Eastern District of Texas may have original jurisdiction and appellate jurisdiction to review, modify, or nullify final order(s) of certain state court(s) and of the Board of Disciplinary Appeals and of Committees.

I am so tired of dealing with this. I am a great lawyer. I was victimized by sexual predators. I am owed money. I paid all court payments, taxes and costs that are owed by me. I move for this Court to enter an order within the next three days specifying the amount of all

court payments, taxes and costs that are owed by me based on proceedings in the Northern, Eastern and Western Districts of Texas. I further request this Court to enter an order within the next three days compelling disbursements from the state disbursement unit of $5,760,000 to be paid by the State of Texas on Leslie D. Ware's behalf from Leslie D. Ware or Harlan R. Crow to the State Disbursement Unit for distribution to Chelsea L. Davis, TX Bar No. 24059652, not at $20,000 per month, but in a lump sum to which I am entitled and amount is past due today.

Then, stop harassing me. It is this Court's obligation to enter an order within the next three days consolidating and dismissing all charges and injunctive and other relief against me, including sanctions against me in this matter, and compelling lump sum disbursement of Leslie D. Ware or Harlan R. Crow's money to me. Then, I demand a jury trial on the civil causes of action for monetary damages that I have previously asserted against Carlos R. Cortez, Leslie D. Ware, Samuel F. Baxter, McKool Smith P.C., GECESP Associates LLC, R. Brian Teal, William C. Carmody, Jon Stevens, Southern Methodist University, Southern Methodist University Dedman School of Law, John Attanasio, David C. Godbey, Angeline Bain, Don Colleluori, Brian Lidji, Lawrence Friedman, Emily Tobolowsky, Donald Turner, James Martin, SUPREME COURT OF TEXAS, STATE BAR OF TEXAS, DETECTIVE AGUILAR, TOWN OF ADDISON MUNICIPAL COURT, ADDISON POLICE DEPARTMENT, Susan Farris, Ben Selman and Gayle Vickers, of which I request this Court to take judicial notice for the limited purpose of setting a hearing date on March 10, 2015 and a two-week trial beginning on March 10, 2015 at the end of which trial I shall finally be released from false imprisonment and human trafficking by order granting a new trial.

I, Chelsea L. Davis, TX Bar No. 24059652, declare under penalty of perjury that "I am not guilty of contempt of court," and I request this Court to take mandatory judicial notice of this Court's order dismissing all charges and claims against me such that this Court lacks authority to hold me in contempt of court and any attempt to do so would constitute unlawful discrimination based on my sex (and the unconstitutional statutory requirement that the State Bar of Texas be comprised of at least 51% white male lawyers) in this employment training program under 42 U.S.C. Sec. 1983 and unlawful federal human trafficking based on forced labor by threat of prosecution for perjury for which the judge of this Court would lack judicial immunity and be subject to civil and criminal prosecution, which facts and laws I do not introduce before this Court for any purpose other than to provide procedural requirements for the hearing on March 10, 2015 at 1:30pm. I further provide notice of this Court's lack of authority to make me pay four hundred dollars and sixteen hundred dollars to this Court and notice of fraudulent charge by this Court in the amount of $1600 dollars.

Dated: March 7, 2015

Respectfully,

/s/Chelsea L. Davis

Chelsea L. Davis
25 Highland Park Vlg., Ste. 100-830
Dallas, TX 75205
Telephone: (469) 426-5850
Facsimile: (469) 533-0466
cdavis@chelseadavispc.com

**CERTIFICATE OF SERVICE**

Pursuant to Tex. R. Civ. P. 21, this is to certify that a true and correct copy of this instrument is filed in paper and electronically and sent concurrently to counsel of record excluding Chelsea L. Davis by electronic filing service provider as permitted by Tex. R. Civ. P.

21a; and, on this day, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court using the electronic case filing system of the Court. I hereby certify that I have served this paper as authorized by the Federal Rule of Civil Procedure 5(b)(2) and the Local Rules for the United States District Court for the Eastern District of Texas which do not require service by pro-se litigant Chelsea L. Davis.

Dated: Mar. 7, 2015 Respectfully,

/s/Chelsea L. Davis
Chelsea L. Davis

**CERTIFICATE OF CONFERENCE**

I hereby certify that I conferred with counsel who confirmed in writing on the record that it filed this application seeking Attorney Fees for Chelsea L. Davis. I request this Court to take mandatory judicial notice that supervising attorneys/prosecutors acting on behalf of the State of Texas consented to the motion to dismiss pre-filing all criminal charges against Chelsea L. Davis based on conduct on or before March 6, 2015 for lack of probable cause to arrest Chelsea L. Davis.

Dated: Mar. 7, 2015 Respectfully,

/s/Chelsea L. Davis
Chelsea L. Davis