**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

Chelsea L. Davis; [Prosecutor State of Texas and/or United States]

v.

SUPREME COURT OF TEXAS, Carlos R. Cortez, Leslie D. Ware, Samuel F. Baxter, McKool Smith P.C., GECESP Associates LLC, R. Brian Teal, William C. Carmody, Jon Stevens, Southern Methodist University, Southern Methodist University Dedman School of Law, John Attanasio, David C. Godbey, Angeline Bain, Don Colleluori, Brian Lidji, Lawrence Friedman, Emily Tobolowsky, Donald Turner, James Martin, STATE BAR OF TEXAS, DETECTIVE AGUILAR, TOWN OF ADDISON MUNICIPAL COURT, ADDISON POLICE DEPARTMENT, Susan Farris, Ben Selman, and Gayle Vickers; [Chelsea L. Davis]

Nos. 4: 15-cv-82
JURY

**NOTICE OF REMOVAL**

**Table of Contents**


I. Notice of Removal - 1

II. Additional Notice of Removal - 5

III. Preliminary Affirmative Defenses - 11


## I. Notice of Removal

I, Plaintiff Chelsea Lynn Davis, hereby file this Notice of Removal of the not-yet-filed warrant for my arrest which will name me as a defendant or other name for allegedly harassing the State Bar of Texas Board of Disciplinary Appeals Clerk Gayle Vickers and Counsel for the State Bar of Texas Susan Farris by email dated March 2015. The warrant has not yet been filed, but Detective Aguilar of Addison Police Department and Joshua Ray, Special Agent, Austin, Texas, have threatened to arrest me based on their investigation of an email sent after Gayle Vickers ordered me to email her and Susan Farris. In response, my email describes that I was

violently raped by Judge Carlos R. Cortez, and I do not accept that the State Bar of Texas continues to harass me instead of going after the men who rape one female lawyer after the next. It is frustrating to me that the State Bar of Texas still requires a majority 51% membership of white males, labels women and minorities as "minority members," and enables its male members to call the women they rape crazy for complaining about being raped. At the very least, the State Bar of Texas should be compelled to keep records of sexual assault complaints lodged against male lawyers and judges so that, by the twenty-fifth complaint, the State Bar of Texas realizes that twenty-five female lawyers who do not know one another are not making anything up and the males should be prosecuted for at least professional misconduct. For example, Leslie Ware continues to get away with violently, sexually assaulting or sexually abusing female lawyers by calling his victims "crazy stalkers" and getting McKool Smith P.C. or their former employers to file grievances against their law licenses. Even though there is not a shred of evidence that the female lawyers formerly employed by McKool Smith P.C. have committed professional misconduct, yet the State Bar of Texas continues to enable their abuse by using all of their power to shame the women into submission and compliance for fear of losing their Texas law licenses in which they, like myself, have invested fifteen years of their lives. Well, I am not complying with this nonsense, and I choose to defend myself to spare female lawyers from being raped and sexually abused by these creeps in the future as a condition of their employment. If you think I am crazy, look in the mirror. Then, read the paper and public records, which reveal that these guys are drug addicts, alcoholics, drunk drivers, sexual predators of children and womanizers who have a long public record and history of screwing up. If you think rape and human trafficking are frivolous, then you should keep your opinion to yourself because the state and

federal legislatures have spoken and I would not be here if I did not have a truckload of evidence.

A preliminary injunction against state court proceedings is necessary where, as here, a criminal proceeding in effect threatens to destroy my vested property right in my Texas law license and is being threatened by the State Bar of Texas or its employees in their official position under color of void statute or otherwise. *See Central Trust Co. v Citizens' Street R. Co.* (1897, CCD Ind) 80 F 218.

I move for an order compelling disclosure of and request all parties to disclose to me the name and address of each person the party may use at trial to present evidence under Rules 702, 703, and 705, Texas Rules of Evidence, against me. The court shall specify in the order the time and manner in which the party must make the disclosure.

I "claim[] entitlement to the protection of the United States District Court upon several grounds, including that I am an American Indian blood member of the Cherokee nation. I describe the case sought to be removed as a criminal prosecution initiated by a State Bar of Texas agent in conjunction with other state and federal agents, handed off to state prosecution. I allege that federal agents have violated rights secured to me by various provisions of the United States Constitution and by various treaties between the said indian nation and the United States Government. In particular, I allege that federal agents are responsible for the seizure and opening of certain packages in contravention of the Fourth Amendment.

Under 28 U.S.C. § 1442, a state criminal prosecution of an official of the federal government – whether of the executive branch, or of Congress, or of the federal courts – can be removed from a state court to a federal district court when the prosecution arises out of actions

taken by the defendant federal official in the course of the official's duty. In the same way, 28 U.S.C. § 1443 provides for removal to a federal district court of a state-court criminal prosecution of a member of the armed forces involving actions performed as a matter of military obligation. Further, 28 U.S.C. § 1443(2) authorizes the removal to a federal district court of a state-court criminal prosecution of one who is charged with conduct taken under "authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law. It is apparent that the statutory removal provisions allow me to remove to federal court because I am to be charged with a crime under state law for action taken to carry out a duty, or to exercise an authority or entitlement, deriving from federal law.

In addition, I must remove because I am being denied access to the courts and my appellate rights in state court. Section 1443(1) of Title 28 provides for removal from state court to federal court of a criminal prosecution "against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal rights of citizens of the United States, or of all persons within the jurisdiction thereof." *Id.* I claim an entitlement to federal protection as a member of the Cherokee Nation and as a United States Patent Attorney, Reg. No. 63,791, being unlawfully retaliated against for complying with my duty of disclosure, and I am alleging infringement of an array of constitutional and treaty provisions. Accordingly, I am invoking a law or laws providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof. Therefore, removal is authorized because I am being denied or cannot enforce in the courts of such State the federal law or laws protective of equal civil rights which I seek to invoke. I have alleged, and there is extrinsic evidence of inadequacy in the Texas judicial institutions and procedures to which I have access and pursuant

to which my claims of right arising under federal law can be asserted. Removal pursuant to § 1443(1) is statutorily authorized.

I move for lack of jurisdiction in Dallas County and/or transfer of venue and/or removal to this Court because I was located in Princeton, Texas in Collin County, Texas in the Eastern District of Texas when I sent an email to Susan Farris and Gayle Vickers such that I do not appreciate being harassed by detectives in Addison and Austin, Texas.

I further move for and request appointment of a **prosecutor** of the State of Texas and/or of the United States Department of Justice or the **Chief Disciplinary Counsel Linda Acevedo** for the State Bar of Texas to get in here and file a complaint against me. I am tired of being harassed by the State Bar of Texas prior to the filing of any complaint against me. This investigation has been a thorn in my side since August 28, 2013, and I am tired of being blacklisted and forced to work without pay. I also move for an order that I do not owe this Court any money, but this Court owes me money because criminal and disciplinary/disability proceedings are free and I have already paid costs and attorney fees taxed against me. Plus, you cannot suck blood from a stone.

## II. Additional Notice of Removal

I object to this document. I am being forced to file this document under duress. The notice of removal is attached to an Original Complaint or incorporated therein, filed by myself as the Plaintiff by filing civil Complaint in the United States District Court for the Eastern District of Texas, which institutes an original proceeding under the jurisdiction of the federal district courts at least because this case involves Honorary Consul Harlan R. Crow as a party under 28 U.S.C. 1251. There remains a need for a multi-district litigation type procedural tool with regard

to lawsuits in Texas against the State Bar of Texas because of its habit of willfully and maliciously doing things in three different jurisdictions in order to avoid liability in federal court to persons like me for harassment.

Because the state "case" is not yet opened by any filing against me or is open but is a sealed grievance investigation in which I am being denied due process or otherwise, I do not attach any papers to this Notice of Removal at this time. However, I reserve my right to add papers and attachments, and I argue institution of suit at any time whether or not that time was prior to this notice.

I, Chelsea L. Davis, hereby timely file my Notice of Removal to the United States District Court for the Eastern District of Texas. There appears to be a sealed multidistrict grievance investigation by the State Bar of Texas in which I am being denied due process. It appears that I may file a notice of removal at any time, even pre-filing or before a case becomes a case or after case dissolves into investigation, without waiving my rights to contest jurisdiction, venue, etc. and without waiving waivers, privileges and immunities, which I do not waive except that I may plead abstention doctrine, waiver of sovereign immunity under the Eleventh Amendment, alleged release of jurisdiction to the state courts and/or exclusive jurisdiction of federal courts, subject to or lieu of the state's police power.

I object for lack of service, notice, process, case or controversy, etc. in the state courts of Texas. I cite state and federal local rules of courts and United States Code rules for transfer, joinder, etc. Also, I object to the numerous errors on the case summary/docket sheets/document/events listing because the listings contain errors. It is unclear how transfers work pre-filing.

Under 28 U.S.C. Sec. 1442(a), "[a] civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending." *Id.* Without waiving my right to contest the commencement and pendency of a proceeding in state court due to preliminary anti-suit injunction or stage of undercover investigation pre-"case," I remove the thing to the extent it is alleged to be a civil action or criminal prosecution because I am an "officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." 28 U.S.C. Sec. 1442(a)(1). I am also a property holder of my Texas law license and admission in good standing to this Court, which title is derived from any such officer, where such action or prosecution affects the validity of any law of the United States; and/or "[a]ny officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties."*Id.*

I am an officer of the United States Patent and Trademark Office, Reg. No. 63,791. I am a person acting under the United States, its agencies or its officers that has been sued for or relating to any act under color of such office and has a colorable federal defense to claim(s), if any, which might be forthcoming in spite of jurisdiction of state to regulate lawyers and judges and jurisdiction of federal courts in matters in which a consul is party. Because I assert a colorable government contractor defense on behalf of only myself for myself, this Court may obtain federal subject matter jurisdiction in addition to jurisdiction under 18 U.S.C. 1251. *See State of La. v. Sparks*, 978 F.2d 226, 232 (5th Cir. 1992) ("[T]he Supreme Court has for over two decades required a liberal interpretation of § 1442(a) in view of its chief purpose—to prevent

federal officers who simply comply with a federal duty from being punished by a state court for doing so.”). In addition, this Court may have exclusive jurisdiction under 18 U.S.C. Sec. 1251 because Harlan R. Crow is to become a party, although it is unclear whether he may authorize or waive the exclusive jurisdiction of the federal courts or whether the federal courts may transfer to the state courts.

Under 28 U.S.C. Sec. 1443, “Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.” *Id.*

To gain removal to federal court under 28 USCS § 1443(1) defendant must show both that (1) right allegedly denied arises under federal law providing for specific rights stated in terms of racially equality; and (2) removal petitioner is denied or cannot enforce specified federal rights in state courts due to some formal expression of state law. *Texas v Gulf Water Benefaction Co.* (1982, CA5 Tex) 679 F2d 85.

I alleged the civil rights violations and equal protection claims in my complaint that I attempted to file in state court under at least Docket No. 14-1063 in the Texas Supreme Court, but it was rejected for filing due to void/voidable “vexatious litigant order” and was not accepted for filing by Board of Disciplinary Appeals.

I cite all removal statutes, pendant and supplemental jurisdiction statutes and transfer and joinder provisions of federal law under the United States Code and the United States Constitution.

The Board of Disciplinary Appeals of the State Bar of Texas continues to use multiple undercover agents to appear to transfer my attempted filings to itself as part of a sealed disciplinary or disability investigation in which I am being denied due process, thereby appearing to prevent me from filing any case or documents, or due to Emily Tobolowsky's judicial misconduct, appearing to prevent me from conducting any discovery whatsoever and appearing to block my access to both the state and federal courts just because I am a female lawyer who was raped by a judge, which is why I sought to compel the State Bar of Texas to disbar me or process my resignation, but they refused because in Texas, the State Bar of Texas has taken it upon itself as if it were the State Bar's responsibility to carry out the state's police power beyond the limitations of proper police power to unlawfully seize and seek to tamper with and destroy my medical records from right after I was raped/assaulted/bruised, which prove I was raped/assaulted/bruised. I just wanted to file a civil lawsuit for my personal injuries, but the State Bar of Texas continues to retaliate against me for doing so.

I move for leave to timely file this Notice of Removal if necessary because the State Bar of Texas intentionally, willfully and/or maliciously continue to harass me by continuing to investigate me and threaten that I will lose my law license if I continue to complain about being a sex slave to Leslie Ware and raped by Carlos Cortez. As long as billionaire Harlan R. Crow continues to finance multiple law firms, litigation funds, etc., then it appears that he can buy as many female lawyers as he wants to use for sex and the State Bar of Texas will shield him from

liability through an unrelenting campaign of harassment against any female lawyer who complains of being forced to have sex with him as a condition of my employment. Slavery is illegal, but the State Bar of Texas appears to disagree.

Carlos Cortez was accused of raping six women, the Dallas Police Department put up a website that says it has built a solid case against him for rape and strangulation, but the Dallas County District Attorney's Office still refuses to prosecute him. Why is that? Is it because the State Bar of Texas delegates the state's police power to itself to hold lawyers and judges above the law, or is it because Harlan Crow financed Carlos Cortez's campaign for judge and agreed to feed him women for sex and insulate him from liability? Whatever the situation is, the State Bar of Texas is gender biased and continues to unlawfully discriminate against women based on their sex. As a woman and a rape victim, I have a Constitutional right to protection and policing that the State of Texas is refusing to provide to me. I allege racial discrimination because the State Bar of Texas uses white women with high cheekbones due to Native American ancestry for sex slaves to its elitist white supremacist clientele. McKool Smith P.C., before it merged with McKool Smith Hennigan P.C., refused to hire black lawyers and never hired a single black female lawyer as an associate and sex slave because it only uses white female associates for sex slavery. The one black female lawyer they hired was hired with the specific intent to make her a judge, and she is currently a judge on the Fifth Court of Appeals, Dallas, TX. Where the State of Texas has delegated its police power to a legislative, judicial, executive or mixed agency like the State Bar of Texas, it has failed as a state to police because all three branches of government (not a single corporation) are supposed to share the police power of a state and hold the other branches accountable. There is a disgusting pattern of male members of the State Bar of Texas

selling female lawyers to their clients and financiers to rape and abuse female lawyers.

I have not waived the right to remove. 28 U.S.C.S. § 1446(b).

I DEMAND A JURY TRIAL. I DEMAND A HEARING.

## III. PRELIMINARY AFFIRMATIVE DEFENSES

Under Tex. Penal Code Sec. 9.41, "(a) A person in lawful possession of land or tangible, movable property is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to prevent or terminate the other's trespass on the land or unlawful interference with the property. (b) A person unlawfully dispossessed of land or tangible, movable property by another is justified in using force against the other when and to the degree the actor reasonably believes the force is immediately necessary to reenter the land or recover the property if the actor uses the force immediately or in fresh pursuit after the dispossession and:

(1) the actor reasonably believes the other had no claim of right when he dispossessed the actor; or

(2) the other accomplished the dispossession by using force, threat, or fraud against the actor." *Id.*

Under Tex. Penal Code Sec. 9.42, "A person is justified in using deadly force against another to protect land or tangible, movable property:

(1) if he would be justified in using force against the other under Section 9.41; and

(2) when and to the degree he reasonably believes the deadly force is immediately necessary:

(A) to prevent the other's imminent commission of arson, burglary, robbery, aggravated robbery, theft during the nighttime, or criminal mischief during the nighttime; or

(B) to prevent the other who is fleeing immediately after committing burglary, robbery, aggravated robbery, or theft during the nighttime from escaping with the property; and

(3) he reasonably believes that:

(A) the land or property cannot be protected or recovered by any other means; or

(B) the use of force other than deadly force to protect or recover the land or property would expose the actor or another to a substantial risk of death or serious bodily injury." *Id.*

Under Tex. Penal Code Sec. 9.43, "A person is justified in using force or deadly force against another to protect land or tangible, movable property of a third person if, under the circumstances as he reasonably believes them to be, the actor would be justified under Section 9.41 or 9.42 in using force or deadly force to protect his own land or property and:

(1) the actor reasonably believes the unlawful interference constitutes attempted or consummated theft of or criminal mischief to the tangible, movable property; or

(2) the actor reasonably believes that:

(A) the third person has requested his protection of the land or property;

(B) he has a legal duty to protect the third person's land or property; or

(C) the third person whose land or property he uses force or deadly force to protect is the actor's spouse, parent, or child, resides with the actor, or is under the actor's care.” *Id.*

Under Tex. Penal Code Sec. 9.44, “The justification afforded by Sections 9.41 and 9.43 applies to the use of a device to protect land or tangible, movable property if:

(1) the device is not designed to cause, or known by the actor to create a substantial risk of causing, death or serious bodily injury; and

(2) use of the device is reasonable under all the circumstances as the actor reasonably believes them to be when he installs the device.” *Id.*

Under Tex. Penal Code Sec. 9.33. DEFENSE OF THIRD PERSON. A person is justified in using force or deadly force against another to protect a third person if:

(1) under the circumstances as the actor reasonably believes them to be, the actor would be justified under Section 9.31 or 9.32 in using force or deadly force to protect himself against the unlawful force or unlawful deadly force he reasonably believes to be threatening the third person he seeks to protect; and

(2) the actor reasonably believes that his intervention is immediately necessary to protect the third person.” *Id.*

Under Tex. Penal Code Sec. 9.31, “(a) Except as provided in Subsection (b), a person is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force. The actor's belief that the force was immediately necessary as described by this subsection is presumed to be reasonable if the actor:

(1) knew or had reason to believe that the person against whom the force was used:

(A) unlawfully and with force entered, or was attempting to enter unlawfully and with force, the actor's occupied habitation, vehicle, or place of business or employment;

(B) unlawfully and with force removed, or was attempting to remove unlawfully and with force, the actor from the actor's habitation, vehicle, or place of business or employment; or

(C) was committing or attempting to commit aggravated kidnapping, murder, sexual assault, aggravated sexual assault, robbery, or aggravated robbery;

(2) did not provoke the person against whom the force was used; and

(3) was not otherwise engaged in criminal activity, other than a Class C misdemeanor that is a violation of a law or ordinance regulating traffic at the time the force was used.

(b) The use of force against another is not justified:

(1) in response to verbal provocation alone;

(2) to resist an arrest or search that the actor knows is being made by a peace officer, or by a person acting in a peace officer's presence and at his direction, even though the arrest or search is unlawful, unless the resistance is justified under Subsection (c);

(3) if the actor consented to the exact force used or attempted by the other;

(4) if the actor provoked the other's use or attempted use of unlawful force, unless:

(A) the actor abandons the encounter, or clearly communicates to the other his intent to do so reasonably believing he cannot safely abandon the encounter; and

(B) the other nevertheless continues or attempts to use unlawful force against the actor; or

(5) if the actor sought an explanation from or discussion with the other person concerning the actor's differences with the other person while the actor was:

(A) carrying a weapon in violation of Section 46.02; or

(B) possessing or transporting a weapon in violation of Section 46.05.

(c) The use of force to resist an arrest or search is justified:

(1) if, before the actor offers any resistance, the peace officer (or person acting at his direction) uses or attempts to use greater force than necessary to make the arrest or search; and

(2) when and to the degree the actor reasonably believes the force is immediately necessary to protect himself against the peace officer's (or other person's) use or attempted use of greater force than necessary.

(d) The use of deadly force is not justified under this subchapter except as provided in Sections 9.32, 9.33, and 9.34.

(e) A person who has a right to be present at the location where the force is used, who has not provoked the person against whom the force is used, and who is not engaged in criminal activity at the time the force is used is not required to retreat before using force as described by this section.

(f) For purposes of Subsection (a), in determining whether an actor described by Subsection (e) reasonably believed that the use of force was necessary, a finder of fact may not consider whether the actor failed to retreat." *Id.*

Under Tex. Penal Code Sec. 9.21, "(a) Except as qualified by Subsections (b) and (c), conduct is justified if the actor reasonably believes the conduct is required or authorized by law, by the judgment or order of a competent court or other governmental tribunal, or in the execution of legal process.

(b) The other sections of this chapter control when force is used against a person to protect persons (Subchapter C), to protect property (Subchapter D), for law enforcement (Subchapter E), or by virtue of a special relationship (Subchapter F).

(c) The use of deadly force is not justified under this section unless the actor reasonably believes the deadly force is specifically required by statute or unless it occurs in the lawful conduct of war. If deadly force is so justified, there is no duty to retreat before using it.

(d) The justification afforded by this section is available if the actor reasonably believes:

(1) the court or governmental tribunal has jurisdiction or the process is lawful, even though the court or governmental tribunal lacks jurisdiction or the process is unlawful; or

(2) his conduct is required or authorized to assist a public servant in the performance of his official duty, even though the servant exceeds his lawful authority." *Id.*

Under Tex. Penal Code Sec. 9.22, "Conduct is justified if:

(1) the actor reasonably believes the conduct is immediately necessary to avoid imminent harm;

(2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct; and

(3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear." *Id.*

Under Tex. Penal Code Sec. 9.04, "The threat of force is justified when the use of force is justified by this chapter. For purposes of this section, a threat to cause death or serious bodily injury by the production of a weapon or otherwise, as long as the actor's purpose is limited to creating an apprehension that he will use deadly force if necessary, does not constitute the use of deadly force."

Under Tex. Penal Code Sec. 9.03, "Confinement is justified when force is justified by this chapter if the actor takes reasonable measures to terminate the confinement as soon as he knows he safely can unless the person confined has been arrested for an offense." *Id.*

Under Tex. Penal Code Sec. 9.02, "It is a defense to prosecution that the conduct in question is justified under this chapter."

Under Tex. Penal Code Sec. 8.02, "(a) It is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense.

(b) Although an actor's mistake of fact may constitute a defense to the offense charged, he may nevertheless be convicted of any lesser included offense of which he would be guilty if the fact were as he believed."

Under Tex. Penal Code Sec. 8.03, "(a) It is no defense to prosecution that the actor was ignorant of the provisions of any law after the law has taken effect.

(b) It is an affirmative defense to prosecution that the actor reasonably believed the conduct charged did not constitute a crime and that he acted in reasonable reliance upon:

(1) an official statement of the law contained in a written order or grant of permission by an administrative agency charged by law with responsibility for interpreting the law in question; or

(2) a written interpretation of the law contained in an opinion of a court of record or made by a public official charged by law with responsibility for interpreting the law in question.

(c) Although an actor's mistake of law may constitute a defense to the offense charged, he may nevertheless be convicted of a lesser included offense of which he would be guilty if the law were as he believed." *Id.*

Under Tex. Penal Code Sec. 8.05, "(a) It is an affirmative defense to prosecution that the actor engaged in the proscribed conduct because he was compelled to do so by threat of imminent death or serious bodily injury to himself or another.

(b) In a prosecution for an offense that does not constitute a felony, it is an affirmative defense to prosecution that the actor engaged in the proscribed conduct because he was compelled to do so by force or threat of force.

(c) Compulsion within the meaning of this section exists only if the force or threat of force would render a person of reasonable firmness incapable of resisting the pressure.

(d) The defense provided by this section is unavailable if the actor intentionally, knowingly, or recklessly placed himself in a situation in which it was probable that he would be subjected to compulsion.

(e) It is no defense that a person acted at the command or persuasion of his spouse, unless he acted under compulsion that would establish a defense under this section." *Id.*

Under Tex. Penal Code Sec. 8.06, "(a) It is a defense to prosecution that the actor engaged in the conduct charged because he was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.

(b) In this section "law enforcement agent" includes personnel of the state and local law enforcement agencies as well as of the United States and any person acting in accordance with instructions from such agents." *Id.*

Under Tex. Penal Code Sec. 3.02, "(a) A defendant may be prosecuted in a single criminal action for all offenses arising out of the same criminal episode.

(b) When a single criminal action is based on more than one charging instrument within the jurisdiction of the trial court, the state shall file written notice of the action not less than 30 days prior to the trial.

(c) If a judgment of guilt is reversed, set aside, or vacated, and a new trial ordered, the state may not prosecute in a single criminal action in the new trial any offense not joined in the former prosecution unless evidence to establish probable guilt for that offense was not known to the appropriate prosecuting official at the time the first prosecution commenced."

Under Tex. Penal Code Sec. 3.04, "(a) Whenever two or more offenses have been consolidated or joined for trial under Section 3.02, the defendant shall have a right to a severance of the offenses.

(b) In the event of severance under this section, the provisions of Section 3.03 do not apply, and the court in its discretion may order the sentences to run either concurrently or consecutively.

(c) The right to severance under this section does not apply to a prosecution for offenses described by Section 3.03(b) unless the court determines that the defendant or the state would be unfairly prejudiced by a joinder of offenses, in which event the judge may order the offenses to be tried separately or may order other relief as justice requires." *Id.*

Dated: March 7, 2015

Respectfully,

/s/Chelsea L. Davis
Chelsea L. Davis
TX Bar No. 24059652
25 Highland Park Vlg., Ste. 100-830
Dallas, TX 75205
Telephone: (469) 426-5850
Facsimile: (469) 533-0466
cdavis@chelseadavispc.com

**CERTIFICATE OF SERVICE**

Pursuant to Tex. R. Civ. P. 21, this is to certify that a true and correct copy of this instrument is filed in paper or electronically and sent concurrently to counsel of record excluding Chelsea L. Davis by electronic filing service provider as permitted by Tex. R. Civ. P. 21a; and, on this day, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court using the electronic case filing system of the Court. I hereby certify that I have

served this paper as authorized by the Federal Rule of Civil Procedure 5(b)(2) and the Local Rules for the United States District Court for the Eastern District of Texas, which do not require service by pro-se litigant Chelsea L. Davis.

Dated: Mar. 8, 2015 Respectfully,

/s/Chelsea L. Davis
Chelsea L. Davis

**CERTIFICATE OF CONFERENCE**

I hereby certify that I conferred with counsel who confirmed in writing on the record that it filed this notice of removal and seeking Attorney Fees for Chelsea L. Davis. I request this Court to take mandatory judicial notice that supervising attorneys/prosecutors acting on behalf of the State of Texas consented to the motion to dismiss pre-filing all criminal charges against Chelsea L. Davis based on conduct on or before March 6, 2015 for lack of probable cause to arrest Chelsea L. Davis.

Dated: Mar. 8, 2015 Respectfully,

/s/Chelsea L. Davis
Chelsea L. Davis