**United States District Court**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| CHELSEA L. DAVIS | § | |
| | § | |
| | § | |
| V. | § | CASE NO. 4:15-CV-82 |
| | § | Judge Mazzant |
| SUPREME COURT OF TEXAS | § | |
| | § | |

## SHOW CAUSE ORDER

The Court orders Plaintiff Chelsea L. Davis ("Davis") to show cause as to why an order should not be entered barring her from filing additional cases in this district and from further filings in her pending and closed actions related to her underlying claims in this action. Pursuant to Local Rule CV-11(g) of the Eastern District of Texas, a district court has the authority to issue sanctions against a party for conduct in violation of Federal Rule of Civil Procedure 11(b).[1] *See* FED. R. CIV. P. 11(c)(3). In order to do so, a district court must first issue a "show cause" order "describing the offending conduct and allow[ing] [the party] an opportunity to show cause why sanctions should not be imposed." *Goldin v. Bartholow*, 166 F.3d 710, 722 (5th Cir. 1999). Generally, the district court should also provide the party with notice of the "precise sanctioning tool that the court intends to employ." *Fellheimer, Eichen & Braverman, P.C. v. Charter Tech., Inc.*, 57 F.3d 1215, 1225 (3d Cir. 1995).

---

[1] Rule 11(b) states that by presenting a pleading or motion to the court, an individual certifies that "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." FED. R. CIV. P. 11(b)(1). Rule 11(b) also requires an individual presenting a pleading to the court to certify that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." FED. R. CIV. P. 11(b)(2).

## I. THE VIOLATING CONDUCT

The current action is one in a long line of cases Davis has filed regarding tortious conduct that allegedly occurred during and after her time as an employee at the law firm, McKool Smith PC. Davis's actions against McKool Smith PC and related individuals typically allege claims ranging from the Fair Labor Standards Act to human trafficking. Davis initially filed suit in the 298th Judicial District Court for Dallas County, Texas; however, these claims were dismissed with prejudice by Judge Tobolowsky on December 27, 2013. *See Davis v. McKool Smith*, Cause No. DC-13-14215. Subsequently, Davis attempted to litigate in the Federal District Courts of the Northern District of Texas by filing at least nine law suits[2] that allege the same set of claims and facts as those previously dismissed by the state court.

Because of Davis's behavior, the Northern District of Texas found Davis to be a vexatious litigant and imposed an Order "prohibiting Davis from filing in or removing to the Northern District of Texas any case based in whole or in part on events stemming from her employment at McKool Smith PC . . . including but not limited to claims for sex discrimination; disability discrimination; racial discrimination; medical leave; wages and overtime; wage discrimination; conspiracy; false imprisonment; quantum meruit and unjust enrichment; assault and battery; wrongful termination; breach of contract; intentional infliction of emotional distress; fraud and promissory estoppel; negligent hiring, supervision, and retention; gross negligence; personal injury under 18 U.S.C. § 2255; conspiracy to violate constitutional rights; sexual

---

[2] *See e.g.*, *Davis v. McKool Smith*, No. 3:13-CV-4926-N (N.D. Tex., removed Dec. 18, 2013; *Davis v. Ackman*, No. 3:13-CV-4973-N (N.D. Tex., filed Dec. 20, 2013); *Davis v. McKool Smith*, No. 3:14-CV-0056-N (N.D. Tex., filed Jan. 8, 2014); *Davis v. McKool Smith*, No. 3:14-CV-3962-N (N.D. Tex., filed Nov. 7, 2014); *Davis v. Ware*, No. 3:14-XC-3963-K (N.D. Tex., filed Nov. 8, 2014); *Davis v. McKool Smith*, No. 3:14-CV-3975-N (N.D. Tex., filed Nov. 10, 2014); *Davis v. McKool Smith*, No. 3:14-CV-4190-N (N.D. Tex., filed Nov. 24, 2014).

assault; aggravated sexual assault; federal assault and sexual abuse; violation of 18 U.S.C § 247; and violation of 18 U.S.C. § 1592, unless represented by a licensed attorney other than herself, or with leave of court." *Davis v. McKool Smith PC*, No. 3:14-CV-3975-N (N.D. Tex., filed Nov. 10, 2014) (Dkt. #66).

Ignoring the warnings from the Northern District, Davis has filed at least six additional law suits in the Eastern District of Texas alleging the same claims and facts that were dismissed in the initial state court proceedings. The Court includes the following non-exhaustive list of Davis's filings in the Eastern District of Texas:

1. *Davis v. Baxter*, No. 4:13-CV-514 (E.D. Tex., filed Sept. 9, 2013) (dismissed with consent of both parties).
2. *Davis v. McKool Smith P.C.*, No. 4:14-CV-754 (E.D. Tex., filed Nov. 19, 2014) (dismissed with prejudice under res judicata).
3. *Davis v. GECESP LLC*, No. 2:14-CV-1065 (E.D. Tex., filed Nov. 21, 2014) (dismissed with prejudice under res judicata).
4. *Davis v. Supreme Court of Texas*, No. 4:15-CV-82 (E.D. Tex., filed Feb. 4, 2015) (current case).
5. *Davis v. Ware*, No. 4:15-CV-144 (E.D. Tex., filed Feb. 23, 2015) (pending).
6. *Davis v. Ware*, No. 4:15-MC-5 (E.D. Tex., filed Feb. 23, 2015) (pending).

Davis has been warned by this Court that her continued filing of duplicative cases and frivolous motions is an abuse of the judicial system and could result in sanctions. *See Davis v. McKool Smith PC*, No. 4:14-CV-754-ALM (E.D. Tex., filed Nov. 19, 2014) (Dkt. #28). Yet Davis continues to bring claims based on the same set of underlying facts. The Court thus finds that Davis's continued attempt to litigate these claims is vexatious and designed solely to harass

and embarrass Defendants. "The right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 193 (5th Cir. 2008) (quoting *Sieverding v. Colorado Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006)).

## II. THE ANTICIPATED SANCTIONS

Sanctions imposed for Rule 11 violations should generally be "the least severe sanction adequate to serve the purpose [of Rule 11]." *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 878 (5th Cir. 1988). Davis's filings demonstrate that nothing short of a restriction on filing will serve to prevent future violations of Rule 11. Specifically, the Court would impose an Order prohibiting Davis from filing in or removing to the Eastern District of Texas any case based in whole or in part on events before the date of the Order and against any one or more of the following parties: R. Brian Teal; Samuel Baxter; GECESC Associates; GECESP Associates; BOC; Amy Abboud Ware; Leslie Ware; Stephen Jones; William C. Carmody; James S. Chanos; McKool Smith PC; Clint D. Carlson; J. Kyle Bass; Chad Bushaw; William A. Ackman; Harlan R. Crow; Leon G. Cooperman; Jon Stevens; Carlos R. Cortez; Panoptis IP LLC; the Ware Firm LLC; the Supreme Court of Texas; and McKool Smith Henningnan PC, unless represented by a licensed attorney other than herself, or without leave of court. Additionally, the Court would prohibit Davis from any further filings in closed actions unless represented by a licensed attorney other than herself, or without leave of court.

The Court finds that these sanctions would balance Davis's right of access to the courts, while subsequently preventing her from attempting to prosecute any further causes of action that are barred by res judicata, or from wasting the Court's resources by filing irrelevant materials in closed cases.

## CONCLUSION

Plaintiff Chelsea L. Davis is ordered to show cause within twenty-one (21) days from the date of this Order as to why the filing sanctions described herein should not be imposed.

**SIGNED this 31st day of March, 2015.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE