# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| CHELSEA L. DAVIS | § | |
| | § | |
| | § | |
| V. | § | CASE NO. 4:15-cv-82 |
| | § | Judge Mazzant |
| SUPREME COURT OF TEXAS | § | |
| | § | |

**ORDER**

This Order is not to be filed under seal. This Order imposes sanctions on Plaintiff Chelsea L. Davis ("Davis"). On March 31, 2015, this Court ordered that Davis show cause as to why an order should not be entered barring her from filing additional cases in this district and from further filings in her closed actions related to her underlying claims in this action without leave of court (Dkt. #14). The Clerk of Court entered the Show Cause Order on the docket on March 31, 2015, and Davis's response was due by April 21, 2015.

As described in the Show Cause Order, this action is one in a long line of cases Davis has filed targeting McKool Smith PC and certain individuals for tortious conduct she alleges occurred during and after her time as an employee at McKool Smith PC. The following is a nonexhaustive list of the various cases she has brought in the Eastern District of Texas.

1. *Davis v. Baxter*, No. 4:13-CV-514 (E.D. Tex., filed Sept. 9, 2013) (dismissed with consent of both parties).
2. *Davis v. McKool Smith P.C.*, No. 4:14-CV-754 (E.D. Tex., filed Nov. 19, 2014) (dismissed with prejudice under res judicata).
3. *Davis v. GECESP LLC*, No. 2:14-CV-1065 (E.D. Tex., filed Nov. 21, 2014) (dismissed with prejudice under res judicata).

4. *Davis v. Supreme Court of Texas*, No. 4:15-CV-82 (E.D. Tex., filed Feb. 4, 2015) (current case).
5. *Davis v. Ware*, No. 4:15-CV-144 (E.D. Tex., filed Feb. 23, 2015) (pending).
6. *Davis v. Ware*, No. 4:15-MC-5 (E.D. Tex., filed Feb. 23, 2015) (dismissed for lack of jurisdiction).

Davis's actions against McKool Smith PC and related individuals allege claims ranging from the Fair Labor Standards Act to human trafficking. Davis initially filed suit in the 298th Judicial District Court for Dallas County, Texas; however, these claims were dismissed with prejudice by Judge Tobolowsky on December 27, 2013. *See Davis v. McKool Smith*, Cause No. DC-13-14215. Subsequently, Davis attempted to litigate in the federal district courts of the Northern District of Texas by filing at least nine law suits[1] that allege the same set of claims and facts as those previously dismissed by the state court.

Davis has been warned by this Court that her continued filing of duplicative cases and frivolous motions is an abuse of the judicial system and could result in sanctions. *See Davis v. McKool Smith PC*, No. 4:14-CV-754 (E.D. Tex., filed Nov. 19, 2014) (Dkt. #28). Yet Davis continues to bring claims based on the same set of underlying facts. "The right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 193 (5th Cir. 2008) (quoting *Sieverding v. Colorado Bar Ass'n*, 469 F.3d 1340,

[1] *See e.g.*, *Davis v. McKool Smith*, No. 3:13-CV-4926-N (N.D. Tex., removed Dec. 18, 2013; *Davis v. Ackman*, No. 3:13-CV-4973-N (N.D. Tex., filed Dec. 20, 2013); *Davis v. McKool Smith*, No. 3:14-CV-0056-N (N.D. Tex., filed Jan. 8, 2014); *Davis v. McKool Smith*, No. 3:14-CV-3962-N (N.D. Tex., filed Nov. 7, 2014); *Davis v. Ware*, No. 3:14-XC-3963-K (N.D. Tex., filed Nov. 8, 2014); *Davis v. McKool Smith*, No. 3:14-CV-3975-N (N.D. Tex., filed Nov. 10, 2014); *Davis v. McKool Smith*, No. 3:14-CV-4190-N (N.D. Tex., filed Nov. 24, 2014).

1343 (10th Cir. 2006)). The Court thus finds that Davis's continued attempt to litigate these claims is vexatious and designed solely to harass and embarrass Defendants.

Davis failed to respond to the Show Cause Order in the allowed time, and the Court finds that the conduct set forth in its Show Cause Order is sanctionable.

Rule 11(b) provides:

> By presenting to the court a pleading, written motion, or other paper - whether by signing, filing, submitting, or later advocating it - an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]

FED. R. CIV. P. 11(b). Davis's filings clearly violate Rule 11. Davis repeatedly asserts claims that have already been dismissed with prejudice. She has removed cases over which the Court lacks jurisdiction. She has delayed dismissal of her claims by filing frivolous appeals. She has filed post judgment motions in closed cases that lack any merit. This conduct lacks any proper purpose and is designed solely to harass and embarrass Defendants and frustrate resolution of her cases. Additionally, her conduct strains the limited resources of the Court and its personnel.

Sanctions imposed for Rule 11 violations should in general be "the least severe sanction adequate to serve the purpose [of Rule 11]." *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 878 (5th Cir. 1988). Davis's filings demonstrate that nothing short of a restriction on filing will serve to prevent future violations. The Court finds the sanctions detailed in this Order balance Davis's right of access to the courts, while subsequently preventing her from attempting to

prosecute any further causes of action that are barred by res judicata, or from wasting the Court's resources by filing irrelevant materials in closed cases.

The Fifth Circuit has approved the use of prefiling injunctions as a sanction. *See Baum*, 513 F.3d at 187 ("A district court has jurisdiction to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation."); *Clark v. Mortenson*, 93 F. App'x 643, 654 (5th Cir. 2004) ("Federal courts have the power to enjoin plaintiffs who abuse the court system and harass their opponents. This includes enjoining future filings to protect its jurisdiction and control its docket."). As previously described, Davis's conduct is vexatious, abusive, and harassing. Accordingly, the Court is empowered to enjoin future filings. Such an injunction "must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 360 (5th Cir. 1986).

Accordingly, the Court sanctions Davis as follows:

**1**. Davis is prohibited from filing in or removing to the Eastern District of Texas without leave of court any case based in whole or in part on events before the date of this Order and against any one or more of the following parties: R. Brian Teal; Samuel Baxter; GECESC Associates; GECESP Associates; BOC; Amy Abboud Ware; Leslie Ware; Stephen Jones; William C. Carmody; James S. Chanos; McKool Smith PC; Clint D. Carlson; J. Kyle Bass; Chad Bushaw; William A. Ackman; Harlan R. Crow; Leon G. Cooperman; Jon Stevens; Carlos R. Cortez; Panoptis IP LLC; the Ware Firm LLC; McKool Smith Henningnan PC; Southern Methodist University; Southern Methodist University Dedman School of Law; Supreme Court of Texas; or John Attanasio; unless represented by a licensed attorney other than herself.

**2**. Davis is prohibited from filing in or removing to the Eastern District of Texas without leave of court any action arising from her employment at McKool Smith PC, including but not

limited to claims for sex discrimination; disability discrimination; racial discrimination; medical leave; wages and overtime; wage discrimination; conspiracy; false imprisonment; quantum meruit and unjust enrichment; assault and battery; wrongful termination; breach of contract; intentional infliction of emotional distress; fraud and promissory estoppel; negligent hiring, supervision, and retention; gross negligence; personal injury under 18 U.S.C. § 2255; conspiracy to violate constitutional rights; sexual assault; aggravated sexual assault; federal assault and sexual abuse; violation of 18 U.S.C § 247; and violation of 18 U.S.C. § 1592; unless represented by a licensed attorney other than herself. These restrictions extend to any attempt by Davis to continue to litigate these claims in any currently closed action in this district.

**3.** Davis is prohibited from filing any documents in closed actions without leave of court unless represented by a licensed attorney other than herself.

**4.** Leave of court pursuant to this Order must first be obtained from an active Eastern District Judge assigned to the Division in which the case would be filed or the Chief Judge of the Eastern District of Texas.

The Clerk of Court is directed to reject any filings that Davis submits in violation of this Order.

Finally, as Davis is an attorney, her conduct also comes within the purview of 28 U.S.C. § 1927, under which "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Section 1927 "requires that there be evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998). Although the Court does not impose sanctions under section 1927 at this time, it finds

that Davis's conduct undeniably satisfies the requirements of the section. Davis is warned that further abuse of the judicial system will result in progressively harsh sanctions, including but not limited to a bar on all filings in this district without first obtaining leave of court and monetary sanctions.

**SIGNED this 23rd day of April, 2015.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE