# TEXAS BOARD OF PARDONS AND PAROLES
# FULL PARDON APPLICATION

## INSTRUCTIONS

### STEP 1:

**BEFORE YOU BEGIN**, you must have the following documents to complete the application.

1. Offense reports for all arrests, including those that did not result in a conviction.
2. Certified court documents for all arrests, e.g., complaint, indictment or information; judgment; sentence; order of dismissal/disposition/discharge or discharge certificate; and/or clerk statement (fine/restitution paid).
3. Official criminal history statement from the sheriff of your county of residence.
4. Three (3) **current**, **dated** letters of recommendation from persons other than family members who are familiar with you. Letters from family members may be submitted but will not be considered as one of the three letters of recommendation.

**********************************************************************

***DO NOT PROCEED TO STEP 2 UNTIL YOU HAVE ALL THE NECESSARY DOCUMENTS REQUIRED IN STEP 1.***

### STEP 2:

After you have obtained all the documents, please read the application instructions carefully, and complete the application form accordingly. To assist you in completing the application, please utilize the Full Pardon Application Checklist on the following two pages. Check the appropriate box as you complete each section.

Do not alter the presentation of this application either through reformatting or rewriting. Do not bind or staple the application with any other submitted material.

Failure to properly complete the application will delay the processing of your application. If we need additional information, you may receive a phone call or letter from an employee in our office.

### STEP 3:

**Please type or print clearly, place your name at the top of each page, and complete all items.** If necessary, you may use "N/A" (for Not Applicable), "Unknown," "None," or "Do Not Remember." After completing all sections, please sign and date the application and **make a copy for your records**. Mail the completed application to:

Texas Board of Pardons and Paroles
ATTN: Clemency Section
8610 Shoal Creek Blvd.
Austin, TX 78757

# FULL PARDON APPLICATION CHECKLIST

The Board's Clemency Section has provided the checklist below to assist you in submitting a completed clemency application. This will allow for processing your request in a timely manner. If you need additional assistance in completing your application, please view our Web site at http://tdcj.state.tx.us/bpp or contact our office at 8610 Shoal Creek Blvd., Austin, Texas 78757; Phone (512) 406-5852.

For your convenience, general information concerning clemency and the Board of Pardons and Paroles rules are included at the end of this document (pages 2 – 5).

| **SECTION A:** *Demographic Information* | |
|---|---|
| ☐ | Complete all fields, using N/A or Unknown where necessary. Be sure to include all alias names listed on your DPS criminal history. |

| **SECTION B:** *Addresses* | |
|---|---|
| ☐ | List current address and all previous addresses since age 18. Use "Do Not Remember" if necessary. |

| **SECTION C:** *Employment* | |
|---|---|
| ☐ | List your current employment first and work backwards. Include all available information. |

| **SECTION D:** *Status* | |
|---|---|
| ☐ | Answer each question and be sure to include any requested ID numbers. |

| **SECTION E:** *Justification* | |
|---|---|
| ☐ | Part (1) State why you are requesting a Full Pardon.<br>Part (2) State what you have done since your conviction to rehabilitate yourself and become a productive member of society. |

| **SECTION F:** *Certification* | |
|---|---|
| ☐ | Read the certification statements. Sign and date the application in **black or blue** ink. |

(CONTINUED ON NEXT PAGE)

## CRIMINAL HISTORY DOCUMENTS REQUIRED FOR ALL ARRESTS

| *Criminal History Information Page* | |
|---|---|
| ☐ | Complete all fields with the appropriate information from your court documents. If requesting a Restoration of Firearm Rights for this offense, you must provide a letter from an employer or potential employer on their letterhead that explains the need to have firearm rights restored in order to gain or maintain employment. |

| *Offense Report(s)* | |
|---|---|
| ☐ | Attach appropriate law enforcement agency offense reports for **all arrests**. *For example, if you were arrested by the Austin Police Department, you must request offense reports from that agency.* |

| *Court Documents* | |
|---|---|
| ☐ | Attach applicable **certified** court documentation for **all adult arrests**. Adult is defined as age 16 or older or when younger than age 16, certified as an adult.<br>➢ Complaint/Indictment or Information<br>➢ Judgment<br>➢ Sentence<br>➢ Order of Dismissal/Disposition/Discharge or Discharge Certificate<br>➢ Clerk Statement (fine/restitution paid)<br>**See page 14 for procedures on how to obtain certified court documents.** |

| *Criminal History* | |
|---|---|
| ☐ | Attach an official criminal history statement from the sheriff of your county of residence. **ALL APPLICANTS**, including non-Texas residents, must provide an official criminal history statement from the sheriff of their county of residence. |

| *Letters of Recommendation* | |
|---|---|
| ☐ | Attach at least three (3) letters of recommendation from citizens directly familiar with the applicant (letters from family members will only be accepted as supplemental information.) Letters of recommendation must:<br>➢ be dated, current originals *(copies of previously submitted letters, photocopies and faxes are not acceptable);*<br>➢ be addressed to the Board of Pardons and Paroles (*Example: "To the Board of Pardons and Paroles:" -- Do not address letters to Clemency Section or "To whom it may concern")*;<br>➢ contain a recommendation for Full Pardon (*Example: "I recommend a full pardon on behalf of APPLICANT'S NAME."); and*<br>➢ contain the name, occupation, signature, telephone number and mailing address of the writer. |

**NOTE: If any agency will not provide the requested documentation, you must submit a letter addressed to the Texas Board of Pardons and Paroles. Your letter must be dated and reference the agency name with their address and phone number, the person whom you contacted, the date(s) that you attempted to acquire the information, and an explanation as to why the agency did not provide the requested material.**

# APPLICATION FOR FULL PARDON TO THE TEXAS BOARD OF PARDONS & PAROLES

## *TO THE BOARD OF PARDONS AND PAROLES OF TEXAS:*

**I hereby request the Board of Pardons and Paroles or its designated agent to file this application for Clemency, to investigate the statements herein made under oath and, if the facts so justify, make a favorable recommendation to the Governor of the State of Texas that a Full Pardon be Granted and Restoration of Civil Rights, to which I may be entitled under the laws of the State of Texas, be restored.**

## A. DEMOGRAPHIC INFORMATION *(USE BLACK OR BLUE INK)*

| | | | | |
|---|---|---|---|---|
| Current full name | Last Name | ☐ Jr. ☐ III ☐ Sr. ☐ IV | First Name | Full Middle Name |
| Name(s) convicted under | | | | |
| Race and sex | Race ______________ Sex ______________ | | | |
| Date and place of birth | Date of birth ______________ Place of birth ______________ | | | |
| Driver's license | State ______________ License Number ______________ | | | |
| Alias names (including maiden name, name by former marriage and nicknames), birth dates and any other forms of identification | | | | |
| Current marital status | ☐ Married – Spouse's Name: | | | |
| | ☐ Divorced | ☐ Separated | ☐ Single | |
| Children / support / alimony | I have ________ children under the age of 18 years.<br>I am supporting the following named children under the age of 18 years:<br>______________________________<br>I currently pay $____________ / month in child support.<br>I currently pay $____________ / month in alimony. | | | |

## B. ADDRESSES

| Current Mailing Address<br>*Indicate your current mailing address.* | | | Current Physical Address<br>*Provide information even if the physical and mailing addresses are the same.* | | |
|---|---|---|---|---|---|
| Number and street | | Apartment | Number and street | | Apartment |
| City | State | Zip Code | City | State | Zip Code |
| Home phone number [_____] ________ | | | County of residence ________ | | |
| Work phone number [_____] ________ | | | Years resided at physical residence ________ | | |
| Email Address ________________ | | | | | |

### Previous Addresses

List **all** previous physical addresses since age 18. Do not use post office boxes. If you lived in an apartment complex, list your apartment number. *All time periods must be accounted for.* Include complete dates (months and years of residence), addresses, city, state and zip codes. Complete this page before attaching any additional page(s). Place attachments behind this page.

| From (month/year): | Number and street | | Apartment |
|---|---|---|---|
| To (month/year): | City | State | Zip Code |

| From (month/year): | Number and street | | Apartment |
|---|---|---|---|
| To (month/year): | City | State | Zip Code |

| From (month/year): | Number and street | | Apartment |
|---|---|---|---|
| To (month/year): | City | State | Zip Code |

| From (month/year): | Number and street | | Apartment |
|---|---|---|---|
| To (month/year): | City | State | Zip Code |

## C. EMPLOYMENT

Please give a comprehensive adult (since age 18) employment history, beginning with your present employment and working backwards. Include employer's name, address, your job position working title, description of job duties, salary, dates employed, and reason for leaving. Complete this page before attaching any additional page(s). Place attachments behind this page.

| | |
|---|---|
| From (month/year): | Employer name |
| To (month/year): | Employer address |
| Job position (working title) | Description of your work duties |
| Average monthly salary | Reason for leaving |

| | |
|---|---|
| From (month/year): | Employer name |
| To (month/year): | Employer address |
| Job position (working title) | Description of your work duties |
| Average monthly salary | Reason for leaving |

| | |
|---|---|
| From (month/year): | Employer name |
| To (month/year): | Employer address |
| Job position (working title) | Description of your work duties |
| Average monthly salary | Reason for leaving |

| | |
|---|---|
| From (month/year): | Employer name |
| To (month/year): | Employer address |
| Job position (working title) | Description of your work duties |
| Average monthly salary | Reason for leaving |

## D. STATUS

| | |
|---|---|
| Are you currently incarcerated in a Texas penal institution?<br>*If "yes," list your (TDCJ-CID) identification number.* | ☐ Yes ☐ No<br>ID number: ________ |
| Were you ever incarcerated in a Texas penal institution?<br>*If "yes," list all (TDCJ-CID) identification numbers.* | ☐ Yes ☐ No<br>Prior ID number: ________<br>Prior ID number: ________ |
| Are you currently serving a term of probation?<br>*If "yes", identify the county of current residence, name and phone number of your probation officer.* | ☐ Yes ☐ No<br>County: ________<br>Name: ________<br>Number: (    ) ________ |
| Are you currently on parole, annual report status, or serving a term of mandatory supervision?<br>*If "yes", identify the county of current residence, name and phone number of your parole officer.* | ☐ Yes ☐ No<br>County: ________<br>Name: ________<br>Number: (    ) ________ |
| Do you have any pending criminal charges?<br>*If "yes," attach an explanation page. Place the attachment behind this page.* | ☐ Yes ☐ No |
| Have you been incarcerated in a federal or non-Texas state institution?<br>*If "yes," list all identification numbers. Include the facility name and location.* | ☐ Yes ☐ No<br>ID Number: ________<br>Institution: ________<br>Location: ________ |
| Do you have any prior federal or out of state convictions resulting in a loss of civil rights that have not been cleared by a pardon?<br>*If "yes," attach an explanation page. Place the attachment behind this page.* | ☐ Yes ☐ No |
| Is a Texas pardon needed before another jurisdiction can act on a pardon?<br>*If "yes," attach an explanation page and a written statement from the other jurisdiction. Place the attachment behind this page.* | ☐ Yes ☐ No |

*(Last Name, First and Middle Name)*

________, ____________

## E. JUSTIFICATION FOR CLEMENCY CONSIDERATION

(1) State the reasons and circumstances for requesting a full pardon.

Complete this page before attaching any additional page(s). Place any attachments immediately behind this page.

(2) What have you done since your conviction(s) to show that you deserve full pardon and restoration of civil rights consideration, including rehabilitative efforts that you have made?

Complete this page before attaching any additional page(s). Place any attachments immediately behind this page.

## F. CERTIFICATION BY APPLICANT

***Please read the following statements carefully and indicate your understanding and acceptance by signing in the space provided. This application must be signed.***

I hereby give my permission to the Board of Pardons and Paroles or its designated agent to make any inquiry and receive any information of record that it may deem proper in the investigation of this application for clemency; and

I understand that compliance with these requirements is sufficient for the Board's consideration of this application, but compliance does not necessarily mean that favorable action will result.

I hereby swear upon my oath that I am the subject herein named and the facts contained in this application are true and correct.

______________________________

**Applicant's Signature (Full Name)**

______________________________

**Date**

**FP-10 (Rev 02/17/2012)** **Date:** ____________________

***(Last Name, First and Middle Name)***

________, ______________

# CRIMINAL HISTORY INFORMATION

Provide information on all adult criminal offenses (**list one offense per page**) and the disposition of each arrest For these purposes, adult is defined as all arrests committed when age 16 or older or when younger than age 16 but certified as an adult All blanks must be completed for each criminal offense Included in this application are two (2) blank "Criminal History Information" pages provided in the event that you have multiple arrests **Photocopy as many of these blank pages as needed to list additional offenses.**

**Criminal Offense:** ________________________________________

*List the offense as it appears in the court documentation.*

**Are you requesting a Full Pardon and Restoration of Civil Rights for this offense?** ☐ **Yes** / ☐ **No**

*Only Texas felony and most misdemeanor convictions are eligible for full pardon consideration. Class C misdemeanors are not eligible for full pardon consideration, except for Class C domestic violence convictions where one seeks to remedy federal disabilities, pursuant to the "Lautenberg Amendment" to the Federal Gun Control Act of 1968 [18 U. S. C., Section 922(G)(9)], which prohibits firearm possession for anyone convicted of a misdemeanor crime of domestic violence.*

***You must request a full pardon for each eligible felony and misdemeanor conviction. Firearms rights will not be automatically restored on eligible convictions where you do not request a pardon.***

**Are you requesting Restoration of Firearm Rights for this offense?** ☐ **Yes** / ☐ **No**

*Only Texas felony and most misdemeanor convictions are eligible for restoration of firearm rights consideration. Class C misdemeanors are not eligible for restoration of firearm rights consideration, except for domestic violence convictions pursuant to the "Lautenberg Amendment".*

*If you request Restoration of Firearm Rights for this offense, you must also request a Full Pardon and Restoration of Civil Rights for this offense.*

***Additional Information about the Criminal Offense***

**County:** ________________________________ **State:** ______________

**Cause Number:** ________________________________________

**Court of Adjudication:** ________________________________________
Mark "N/A" if not adjudicated in a Court

**Disposition/Sentence Date:** ________________________________________
Date of sentencing or other form of court adjudication Mark "N/A" if not adjudicated in a Court

**Court Disposition/Sentence:** ________________________________________

Examples of possible responses that you may modify to reflect your circumstance:

5 years TDCJ
2 years deferred adjudication probation
2 years State Jail Felony
2 years probation
30 days jail
Charge dismissed
Class C Misdemeanor
Released without prosecution
Plea in Bar
No formal charge
No bill

**Fine ordered in the Sentence?** ☐ **Yes** ☐ **No** **If "Yes", indicate the amount:** $__________

**Was the fine paid in full?** ☐ **Yes** ☐ **No**

**Restitution ordered in the Sentence?** ☐ **Yes** ☐ **No** **If "Yes", indicate the amount:** $__________

**Was the restitution paid in full?** ☐ **Yes** ☐ **No**

**Final Disposition:** ________________________________________

Examples of possible responses that you may modify to reflect your circumstance:

Currently on probation
Satisfactorily discharged deferred adjudication probation sentence
Misdemeanor sentence completed
State Jail Felony sentence completed
TDCJ-CID sentence completed
Currently on parole
Discharged probation sentence
Unsatisfactorily discharged deferred adjudication probation sentence
Jail sentence completed
Currently incarcerated in a State Jail facility
Currently incarcerated in TDCJ-CID
Charge dismissed (no billed, no formal charge)

**FP-10 (Rev 02/17/2012)** **Date:** ________________
***(Last Name, First and Middle Name)***

________, ____________

# SUBJECT'S VERSION

On this "Subject's Version" page you are providing additional information – your version of events – about the offense that you listed on the preceding "Criminal History Information" page. Describe in your own words the factual circumstances of the offense.

Responses such as "N/A," " Unknown," or "None" are not acceptable for this section of the application. If you do not remember any of the details about this offense you may provide a statement to that effect.

**Criminal Offense:** ________________________________________

*List the offense as it appears in the court documentation. The offense should match the wording on the corresponding Criminal History Information page.*

**Location:** ________________________________________

**Offense date(s):** ________________________________________

**Law enforcement agency involved:** ________________________________________

**State in detail events leading up to the offense and the extent of your involvement in this case:**

________________________________________
________________________________________
________________________________________
________________________________________
________________________________________
________________________________________
________________________________________
________________________________________
________________________________________
________________________________________
________________________________________
________________________________________
________________________________________
________________________________________
________________________________________

Complete this page before attaching any additional page(s). Place any attachments immediately behind this page.

## Court Documentation & Offense Reports

Place all court documents and offense/arrest reports for this offense after your Subject's Version page(s). Refer to Procedures for Obtaining Court Documentation on page 14.

**FP-10 (Rev 02/17/2012)** **Date:** ____________________
***(Last Name, First and Middle Name)***

________, ______________

# CRIMINAL HISTORY INFORMATION

Provide information on all adult criminal offenses (**list one offense per page**) and the disposition of each arrest For these purposes, adult is defined as all arrests committed when age 16 or older or when younger than age 16 but certified as an adult All blanks must be completed for each criminal offense Included in this application are two (2) blank "Criminal History Information" pages provided in the event that you have multiple arrests **Photocopy as many of these blank pages as needed to list additional offenses.**

**Criminal Offense:** ________________________________________________
*List the offense as it appears in the court documentation.*

**Are you requesting a Full Pardon and Restoration of Civil Rights for this offense?** ☐ **Yes** / ☐ **No**

*Only Texas felony and most misdemeanor convictions are eligible for full pardon consideration. Class C misdemeanors are not eligible for full pardon consideration, except for Class C domestic violence convictions where one seeks to remedy federal disabilities, pursuant to the "Lautenberg Amendment" to the Federal Gun Control Act of 1968 [18 U. S. C., Section 922(G)(9)], which prohibits firearm possession for anyone convicted of a misdemeanor crime of domestic violence.*

***You must request a full pardon for each eligible felony and misdemeanor conviction. Firearms rights will not be automatically restored on eligible convictions where you do not request a pardon.***

**Are you requesting Restoration of Firearm Rights for this offense?** ☐ **Yes** / ☐ **No**

*Only Texas felony and most misdemeanor convictions are eligible for restoration of firearm rights consideration. Class C misdemeanors are not eligible for restoration of firearm rights consideration, except for domestic violence convictions pursuant to the "Lautenberg Amendment".*

*If you request Restoration of Firearm Rights for this offense, you must also request a Full Pardon and Restoration of Civil Rights for this offense.*

***Additional Information about the Criminal Offense***

**County:** ______________________________ **State:** ______________

**Cause Number:** ________________________________________________

**Court of Adjudication:** ________________________________________
Mark "N/A" if not adjudicated in a Court

**Disposition/Sentence Date:** ___________________________________
Date of sentencing or other form of court adjudication Mark "N/A" if not adjudicated in a Court

**Court Disposition/Sentence:** ___________________________________

Examples of possible responses that you may modify to reflect your circumstance:

5 years TDCJ
2 years deferred adjudication probation
2 years State Jail Felony
2 years probation
30 days jail
Charge dismissed
Class C Misdemeanor
Released without prosecution
Plea in Bar
No formal charge
No bill

**Fine ordered in the Sentence?** ☐ **Yes** ☐ **No** **If "Yes", indicate the amount:** **$**__________
**Was the fine paid in full?** ☐ **Yes** ☐ **No**

**Restitution ordered in the Sentence?** ☐ **Yes** ☐ **No** **If "Yes", indicate the amount:** **$**__________
**Was the restitution paid in full?** ☐ **Yes** ☐ **No**

**Final Disposition:** ____________________________________________

Examples of possible responses that you may modify to reflect your circumstance:

Currently on probation
Satisfactorily discharged deferred adjudication probation sentence
Misdemeanor sentence completed
State Jail Felony sentence completed
TDCJ-CID sentence completed
Currently on parole
Discharged probation sentence
Unsatisfactorily discharged deferred adjudication probation sentence
Jail sentence completed
Currently incarcerated in a State Jail facility
Currently incarcerated in TDCJ-CID
Charge dismissed (no billed, no formal charge)

**FP-10 (Rev 02/17/2012)** **Date:** ______________
***(Last Name, First and Middle Name)***

______ , ______________

# SUBJECT'S VERSION

On this "Subject's Version" page you are providing additional information – your version of events – about the offense that you listed on the preceding "Criminal History Information" page. Describe in your own words the factual circumstances of the offense.

Responses such as "N/A," " Unknown," or "None" are not acceptable for this section of the application. If you do not remember any of the details about this offense you may provide a statement to that effect.

**Criminal Offense:** ______________________________
*List the offense as it appears in the court documentation. The offense should match the wording on the corresponding Criminal History Information page.*

**Location:** ______________________________

**Offense date(s):** ______________________________

**Law enforcement agency involved:** ______________________________

**State in detail events leading up to the offense and the extent of your involvement in this case:**

______________________________
______________________________
______________________________
______________________________
______________________________
______________________________
______________________________
______________________________
______________________________
______________________________
______________________________
______________________________
______________________________
______________________________
______________________________

Complete this page before attaching any additional page(s). Place any attachments immediately behind this page.

## Court Documentation & Offense Reports

Place all court documents and offense/arrest reports for this offense after your Subject's Version page(s). Refer to Procedures for Obtaining Court Documentation page 14.

## PROCEDURES FOR OBTAINING COURT DOCUMENTATION

All court documents must be **CERTIFIED**, whether they originate from the office of the District, County, or Municipal Clerk. Acquire the proper documentation, accordingly:

**IF** convicted and the judgment included a court ordered **fine** and or **restitution**, furnish a statement from the appropriate clerk confirming the amount paid.

**IF** convicted and the sentence is probated or deferred, furnish the Complaint/Indictment or Information, Judgment, Sentence and Dismissal.

**IF** convicted of a misdemeanor resulting in a fine and/or jail time, furnish the Complaint, Judgment and Sentence.

**IF** arrested and the charge was dropped or dismissed, furnish the charging papers and the Dismissal. If unobtainable, furnish a dismissal or "no formal charge made" statement from the prosecuting attorney.

**IF** arrested for out-of-state, federal or foreign offense(s) prior to the last Texas conviction, furnish court documentation. If convicted, provide clearance by full pardon from the jurisdiction or show by official source, preferably the court of conviction, that no civil rights were lost.

**IF** convicted of a felony probation and revoked to the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID), furnish the Indictment, Judgment and Sentence granting probation and the revocation document(s), and a copy of the TDCJ discharge certificate.

**IF** convicted of a felony, sentenced to TDCJ-CID and currently on parole or mandatory supervision or on annual report status, or have discharged the sentence, furnish the Indictment, Judgment, Sentence and a copy of the TDCJ discharge certificate. Contact the following office(s) to obtain the appropriate certificate:

TDCJ-CID RECORDS OFFICE
P. O. BOX 99
HUNTSVILLE, TEXAS 77342

or

TDCJ PAROLE DIVISION
8610 SHOAL CREEK BLVD.
AUSTIN, TEXAS 78757

## PROCEDURES FOR OBTAINING ARREST/OFFENSE REPORTS

For **each** criminal offense, acquire from the appropriate law enforcement arresting agency copies of the arrest/offense reports. These copies of reports do not have to be certified. For offenses involving drugs, please provide copies of laboratory reports.

# GENERAL INFORMATION

**Definition** - An unconditional act of executive clemency by the Governor which serves to release the grantee from the conditions of his or her sentence and from any disabilities imposed by law thereby.

**A Full Pardon restores the following civil rights:**

1. Right to vote.
2. Right to hold public office.
3. Right to serve on a jury.
4. Licensing privileges for certain types of employment (however, you must check with the appropriate licensing authority to determine if a full pardon is necessary to be licensed). If available, please provide written documentation from that authority advising that you will not be considered for a license without receiving a full pardon. If the licensing authority will not provide you with written documentation, please obtain and furnish the name of the licensing authority, phone number, and name of the person you contacted.
5. Right to serve as Executor or Administrator of an estate.

**A FULL PARDON RESTORES VOTING RIGHTS.** Please note, effective September 01, 1997, a felon's voting rights are automatically restored when one fully discharges the felony sentence, including any term of incarceration, parole, or supervision, or completed a period of probation ordered by any court.

**A FULL PARDON DOES NOT NECESSARILY RESTORE THE RIGHT TO BEAR ARMS.** Many felons also lose their right to bear arms with the federal government. Additionally, you may or may not qualify for a State of Texas license to carry a concealed handgun. You **MUST** check with **BOTH** the Federal Bureau of Alcohol, Tobacco & Firearms **AND** the Texas Department of Public Safety for your status **BEFORE** bearing any arms.

**A FULL PARDON DOES NOT** expunge an arrest under the criminal laws. This can only be accomplished by petitioning a district court in the county of conviction.

**A FULL PARDON DOES NOT** restore the right of the applicant to drive and operate a motor vehicle upon public highways after an automatic suspension of that license as a result of a conviction for Driving While Intoxicated or other similar suspension, unless the Governor's Proclamation specifically so states.

**A FULL PARDON DOES NOT** relieve the convicted person of any outstanding fines, fees, restitution or reparation as ordered by the Court.

**The Board will consider Full Pardon requests for the following cases:**

(01) An offender whose offense occurred on or before August 28, 1977, and who has served 12 months on parole in a manner acceptable to the board.
(02) An offender who is currently in prison if the offender indicates extenuating circumstances.
(03) An offender who has been under supervision at least two years with no violations in the year preceding the application date.
(04) Former Texas Department of Corrections (TDC) or Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID) offenders who have discharged their sentences.
(05) Probated sentences (must provide discharge/dismissal documentation and proof that the applicant's conviction prevents him from obtaining employment or proof that his civil rights have been lost).
(06) Suspended sentences (completed).
(07) Jail sentences (completed).
(08) Misdemeanor sentences (completed).

**The Board will NOT consider Full Pardon requests for the following cases:**

(01) Treason or impeachment.
(02) A person who has been on community supervision and has received a judge's discharge in which the judge restores the person's civil rights by setting aside the conviction and dismissing the charging instrument (see Attorney General Opinion DM-393*).
(03) TDCJ-CID offenders (except when exceptional circumstances exist).
(04) Prior out-of-state felony convictions (must first clear priors by pardon from other jurisdiction).
(05) Prior federal convictions (must first clear by Presidential Pardon).
(06) Applicants who were denied Full Pardon or Restoration of Civil Rights less than two years prior to application date.

* You may read the opinion on the Attorney General's Web site at www.oag.state.tx.us.

**For your records, please retain copies of all documentation, including the application, that you submit to the Clemency Section.**

**Due to the inability to retain records for extended time periods for incomplete applications, we are advising you NOT to provide originals of personal items, including but not exclusive to photos, transcripts, birth and other certificates, achievement awards, licenses, literature and other identification cards or items, notebooks or binders, and clemency proclamations. You may in lieu of originals provide copies of these documents with your submitted application.**

## TEXAS BOARD OF PARDONS AND PAROLES RULES

### Chapter 143. EXECUTIVE CLEMENCY

### Subchapter A. FULL PARDON AND RESTORATION OF RIGHTS OF CITIZENSHIP

**§143.1. Authority To Grant Pardons**

Except in cases of treason or impeachment, after conviction, the governor may grant a full pardon upon the recommendation and advice of a majority of the board (Texas Constitution, Article IV, §11; Texas Code of Criminal Procedure, Articles 48.01 and 48.03).

**§143.2. Pardons for Innocence**

(a) On the grounds of innocence of the offense for which convicted the board will consider applications for recommendation to the governor for a pardon for innocence upon receipt of:

(1) written recommendation of at least two of the current trial officials of the court of conviction, with one trial official submitting documentary evidence of actual innocence; or

(2) certified order or judgment of a court having jurisdiction accompanied by a certified copy of the findings of fact and conclusions of law where the court recommends that the Court of Criminal Appeals grant state habeas relief on the grounds of actual innocence.

(b) Evidence submitted under subsection (a)(1) of this section shall include the results and analysis of pre-trial and post-trial DNA tests or other forensic tests, if any, and may also include affidavits of witnesses upon which the recommendation of actual innocence is based.

**§143.3. Twelve Months on Parole**

When any prisoner has served 12 months on parole for an offense committed on or before August 28, 1977, in a manner acceptable to the board, upon request, the board may review the prisoner's record upon application therefore and make a determination whether to recommend to the governor that the prisoner be pardoned and finally discharged from the sentence under which he is serving.

**§143.4. Parolee Discharging Sentence**

Whenever any prisoner who has been paroled for an offense committed on or before August 28, 1977, has complied with the rules and conditions governing his parole until the end of the term to which he was sentenced, and without a revocation of his parole, the board may report such fact to the governor prior to the issuance of the final order of discharge. The board may, at this time, recommend to the governor a full pardon (Texas Constitution, Article IV, 11; §508.119, Government Code).

**§143.5. Discharged Prisoner**

Upon request from a person who has discharged a felony sentence, the board will consider recommending a full pardon. Applicant's name, prison number, county of conviction, offense, and length of sentence shall be furnished for identification.

**§143.6. Inmate in Texas Department of Criminal Justice-Institutional Division**

A full pardon will not be considered for an inmate while in prison, except when exceptional circumstances exist.

**§143.7. Prior Out-of-State or Federal Convictions**

Where there exists one or more convictions for offenses of felony grade, in other states or in federal court, prior to the last Texas conviction, the board will consider recommending a pardon only if the applicant:

(1) provides a clearance by full pardon from the jurisdiction(s) of the previous conviction(s); or

(2) furnishes proof in writing that the other jurisdiction(s) will not act until a full pardon is granted by the Governor of Texas.

**§143.8. Suspended Sentence, Felony Conviction**

Upon request from the applicant or person acting for him, the board will consider recommending full pardon for a suspended sentence. Applicant's name, the county of conviction, offense, and sentence shall be furnished when the request is made.

**§143.9. Sentence of Probation, Felony Conviction**

The board will consider recommending a full pardon for a sentence of probation only upon a showing of receipt of maximum relief available through the court of conviction, and then, only in an extreme or unusual circumstance which prevents the applicant from gaining a livelihood or in the event of loss of civil rights. The burden of showing such unusual conditions rests upon the applicant.

**§143.10. Misdemeanor**

The board will consider recommending a full pardon in misdemeanor cases only when exceptional, extreme, and unusual circumstances exist. The burden of showing such exceptional, extreme, and unusual circumstances rests upon the applicant.

**§143.11. Request of Governor**

The board shall consider a recommendation for a full pardon or request for restoration of firearm rights in any case upon the request of the governor (§508.050, Government Code).

**§143.12. Restoration of Firearm Rights**

The board will consider recommending restoration of the right to receive, possess, bear, and transport in commerce a firearm only in extreme and unusual circumstances which prevent the applicant from gaining a livelihood, and only if the applicant:

(1) provides either proof of clearance by a previously granted full pardon or a request for such express restoration in a pending application for a full pardon from jurisdiction(s) of the relevant conviction(s); and

(2) provides proof of application under the United States Code, Title 18, §925(c), for exemption, relief from disabilities to the attorney general, and furnishes copies of all relevant applications and responses thereto by the attorney general including any final actions by said attorney general.

**§143.13. Posthumous Pardon**

Upon request from a person acting on behalf of a deceased person who was convicted of a felony offense, the board will consider recommending a full pardon for the deceased person.

NO.____________________

| | | |
|---|---|---|
| EX PARTE | * | IN THE __________________ |
| | * | DISTRICT COURT ________ |
| ______________________ | * | OF DALLAS COUNTY, TEXAS |
| PETITIONER (Print full name) | | |

**PETITION FOR EXPUNCTION**[1]

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW ____________________________, Petitioner, and says:
(Print full name)

1. **Required Identifying Information**

Petitioner has the following description:

Race: ____________________________

Sex: ____________________________

Date of Birth: ____________________________

Driver's License Number: ____________________________

Social Security Number: ____________________________

Address at Time of Arrest: ________________________________________

Current Mailing Address: ________________________________________

---

**[1] This form is provided for the convenience of the public and is not intended as a substitute for independent legal analysis by an attorney. Persons are strongly encouraged to consult an attorney with any questions regarding their eligibility for relief under Tex. Code Crim. Proc. Ann. art. 55.01.**

**2. Required Offense and Arrest Information**

Petitioner can establish his/her eligibility for expunction under Tex. Code Crim. Proc. Ann. art. 55.01 for the following arrests:

Offense: ______________________________

Offense Date: ______________________________

Arrest Date: ______________________________

Case Number : ______________________________

Service Number: ______________________________

Grand Jury Number: ______________________________

Grand Jury Date: ______________________________

Arresting Agency: ______________________________

Filing Agency: ______________________________

City and County of Arrest: ______________________________

DPS Tracking Number (TRN): ______________________________

Offense: ______________________________

Offense Date: ______________________________

Arrest Date: ______________________________

Case Number : ______________________________

Service Number: ______________________________

Grand Jury Number: ______________________________

Grand Jury Date: ______________________________

Arresting Agency: ______________________________

Filing Agency: ______________________________

City and County of Arrest: ______________________________

DPS Tracking Number (TRN): ______________________________

### 3. Legal Grounds for Expunction[2]

Petitioner is eligible for expunction of his/her criminal arrest **and can establish** the eligibility requirements contained in subsection "A," "B," or "C" as provided below:

#### 3.1 Acquittal, Pardon, or Actual Innocence Exoneration

a. [___] The Petitioner was charged by indictment, information, or complaint and thereafter ACQUITTED by the trial court, Court of Appeals, or Court of Criminal Appeals, AND the Petitioner is not subject to prosecution for or was not convicted of another offense arising out of the same criminal episode as defiled by Penal Code 3.01; or

b. [___] The Petitioner was convicted and subsequently PARDONED by the Governor; or

c. [___] The Petitioner was convicted and subsequently PARDONED or granted relief based on a court finding of ACTUAL INNOCENCE.

#### 3.2 No charges have been filed

a. [___] The Petitioner was arrested/cited for a Class C misdemeanor offense, at least 180 days has elapsed since the date of arrest, and the Petitioner has not been charged with a felony as a result of the same transaction; or

b. [___] The Petitioner was arrested for a Class B misdemeanor offense, at least one year has elapsed since the date of arrest, and the Petitioner has not been charged with a felony as a result of the same transaction; or

c. [___] The Petitioner was arrested for a Felony offense and at least three years have elapsed since the date of arrest; or

d. [___] The Attorney representing the State certifies that the applicable records and files are not needed for use in any criminal investigation or prosecution, including an investigation or prosecution of another person; or

e. [___] Prosecution of the person for the offense is barred by Statute of Limitations.

[2] **An arrest resulting in CONVICTION, or resulting in DEFERRED ADJUDICATION COMMUNITY SUPERVISION (PROBATION) for an offense other than a Class C misdemeanor IS NOT ELIGIBLE FOR EXPUNCTION.**

**3.3 Charges filed and indictment, information, or citation dismissed or quashed**

a. The Petitioner has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was not court-ordered community supervision under Article 42.12 for the offense, unless the offense is a Class C misdemeanor, the charges were dismissed or quashed, AND

i. [___] The indictment or information was dismissed **BECAUSE the Petitioner completed a pretrial intervention program authorized under Section 76.011**; or

ii. [___] The indictment or information was dismissed or quashed **BECAUSE the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense;** or

iii. [___] The indictment or information was dismissed or quashed **BECAUSE the indictment or information was VOID**; or

iv. [___] Prosecution of the person for the offense is barred by Statute of Limitations.

v. [___] the offense for which the Petitioner was arrested/cited is a Class C misdemeanor filed in a justice or municipal court, the citation was not issued for a violation under Tex. Alch. Beverage Code § 106., and the Petitioner received and successfully competed deferred adjudication community supervision under Tex. Code Crim. Proc. Ann. art. 45.051(a)(e).

**4. Respondents - State governmental agencies and entities**

The following law enforcement agencies and other governmental entities **of this State** with information related to above identified arrest(s) include the following named Respondents:

4.1 Dallas County District Attorney's Office for itself and the following county agencies:
(X) District Clerk
(X) County Clerk
( ) Grand Jury (if offense charged is a felony)
(X) Sheriff-ID
(X) Sheriff-Bond
(X) Community Supervision & Corrections

4.2 Arresting Agency: ______________________________________
(police department, sheriff's department, or constable's office)

Mailing Address: ______________________________________

______________________________________

4.3 Filing Agency: ______________________________________

Mailing Address: ______________________________________

______________________________________

4.4 Court: ______________________________________
(district court, county court, municipal court, or J.P court)

Mailing Address: ______________________________________

______________________________________

4.5 _____________: ______________________________________
(other State agency)

Mailing Address: ______________________________________

______________________________________

4.6 Texas Department of Public Safety
Crime Records Division – MSC 0234
Post Office Box 4143
Austin, Texas 78765-4143

4.7 Texas Department of Criminal Justice – CJAD
Lee Downing, CSTS Administrator
209 W. 14th, Suite 400
Austin, Texas 78701

5. **Private entities and out of agencies with criminal history record information subject to notification by the Texas Department of Public Safety of order granting expunction include:**

5.1 Any entity that purchases criminal history record information from the DPS in accordance with Tex. Code Crim. Proc. Ann. § 3(c-2);

**5.2 PublicData.com;**

**5.3 criminalhisotryrecord.com**

**5.4 ______________________**

**6. Prayer**

Petitioner therefore prays that:

(1) this case be set for hearing at the earliest practical time after 30 days from the date of filing of this petition;

(2) the clerk deliver, by certified mail, copies of this petition and of the order setting hearing date to Respondents; and

(3) at the hearing, expunction be granted.

Respectfully submitted,

Name: ______________________________

Address: ______________________________

______________________________

Telephone: ______________________________

**VERIFICATION (Signed Before a Notary Public)**

I hereby swear that the facts alleged herein are true and correct to the best of my knowledge.

____________________________________

SUBSCRIBED TO AND SWORN BEFORE ME on the _________ day of _________, 20______.

NOTARY PUBLIC in and for
_____________County, Texas

**ORDER SETTING HEARING DATE**

This case will be heard on ______________________, 20___, at ___________ o'clock __.m.

SIGNED this________ day of _____________________, 20__.

_______________________________
JUDGE